William Merrill **HODSDON**, Petitioner,

v.

The **SUPERIOR COURT** of the State of Delaware, **IN AND FOR NEW CASTLE COUNTY**, and the Honorable William T. Quillen, a Judge of said Court, Respondents.

Supreme Court of Delaware.

Feb. 6, 1968.

Reargument Denied Feb. 27, 1968.

William E. Taylor, Jr., Wilmington, for petitioner.

Ruth M. Ferrell, Deputy Atty. Gen., Wilmington, for respondents.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice.

The question is whether a writ of prohibition may be utilized to review the order of the Superior Court denying the motion to dismiss the indictment in this case.

The basic facts are these:

The petitioner, William Merrill Hodsdon, was indicted by the Grand Jury for violating 11 Del.C. § 532,[1] in that:

"* * * on or about the 26th day of September and divers other times over a period of time beginning in approximately July 1966, in the County of New Castle, did publicly defile, defy, or cast contempt either by word or act upon the flag of the United States of America, by displaying simultaneously on the front of his residence at 3202 Fernwood Place, Wilmington, Delaware, the United Nations flag and the United States flag, with the United Nations flag in the position of honor on the right side of his house and the United States flag in the subordinate position on the left side of his house and flown in a half-mast position, in violation of Title 11, Del.C. § 532."

The petitioner filed a motion to dismiss the indictment, asserting (1) that § 532 is unconstitutional in that "it fails to provide

---

1. 11 Del.C. § 532 provides:
   "§ 532. Disfigurement, desecration or use for advertising
   "Whoever, in any manner, for exhibition or display, places any word, figure, mark, picture, design, drawing or any advertisement of any nature, upon any flag, standard, color or ensign, of the United States of America; or
   "Whoever exposes to public view any such flag, standard, color or ensign, upon which is printed, painted, or otherwise placed, or to which is attached, appended, affixed or annexed, any word, figure, mark, picture, design or drawing, or any advertisement of any nature; or
   "Whoever exposes to public view, manufactures, sells, exposes for sale, gives away, or possesses for sale or to give away, or for use for any purpose, any article or substance, being an article or receptacle of merchandise, upon which has been printed, painted, attached or otherwise placed, a representation of any such flag, standard, color or ensign, to advertise, call attention to, decorate, mark or distinguish the article or substance; or
   "Whoever publicly mutilates, defaces, defiles, defies, tramples upon or casts contempt either by word or act, upon any such flag, standard, color or ensign—
   "Shall be fined not more than $100 or imprisoned not more than 30 days, or both."

any standard by which the defendant's conduct may be judged" and, therefore, its application to the petitioner would violate the due process clauses of the Federal and State Constitutions; (2) that § 532 is unconstitutional in that, as applied in the indictment, it violates the petitioner's right of freedom of speech under the Federal and State Constitutions; and (3) that § 532 is so vague and uncertain that it fails to properly charge a crime in violation of Del. Const. Art. I, § 7, Del.C.Ann.

The Superior Court denied the motion to dismiss the indictment, holding that § 532 is constitutional and valid. The instant petition followed, seeking a rule upon the Superior Court to show cause why a writ of prohibition should not issue, asserting that a trial of the petitioner upon the indictment would constitute denial of due process and violation of the petitioner's freedom of speech; that, therefore, the Superior Court lacks jurisdiction over the petitioner or the subject matter, and any judgment of conviction resulting from such trial will be illegal and void. Thereupon, the petitioner requests this Court to issue a rule upon the Superior Court to show cause why a writ of prohibition should not issue, staying further proceedings in the Superior Court, and prohibiting the Superior Court from attempting further to exercise jurisdiction over the petitioner by trying him for the offense charged, on the ground that § 532 is unconstitutional and void.

■ The petition for the rule must be dismissed, in our opinion, for the reason

that its purpose is the review by this Court of an interlocutory order of the Superior Court in a criminal case, without the lack of jurisdiction of that Court over the cause or the person being reasonably apparent on the face of the record. In the final analysis, the sole objective of the petitioner at this stage is to attack the constitutionality of § 532. That Statute stands constitutional, valid, and enforceable until declared otherwise by the courts. Therefore, it cannot be said that, on the face of the record, a lack of jurisdiction in the lower court over person or cause is reasonably apparent in the instant case. This situation is thus reduced simply to an effort on the part of the petitioner to have this Court review an interlocutory order of the Superior Court in a criminal case. This we may not do. The petitioner must await a final judgment of the Superior Court before seeking review by this Court of the constitutionality of § 532.

■ Our general jurisdiction to review Superior Court proceedings on appeal in criminal cases, conferred by Del.Const. Art. IV, § 11,[2] is limited to cases which have reached final judgment. This constitutional limitation bars appeals to this Court from interlocutory rulings in criminal cases, as contrasted with civil causes in which appeals from interlocutory judgments are expressly authorized by the constitutional provision. We may not permit the use of the writ of prohibition to accomplish indirectly that which may not be done directly; for to do so would be to permit

2. Del.Const. Art. IV, § 11 provides:
"§ 11. Jurisdiction of Supreme Court
"Section 11. The Supreme Court shall have jurisdiction as follows:
"(1) (a)  To receive appeals from the Superior Court in civil causes and to determine finally all matters of appeal in the interlocutory or final judgments and other proceedings of said Superior Court in civil causes:  Provided that on appeal from a verdict of a jury, the findings of the jury, if supported by evidence, shall be conclusive.
"(1) (b)  To receive appeals from the Superior Court in criminal causes, upon

application of the accused in all cases in which the sentence shall be death, imprisonment exceeding one month, or fine exceeding One Hundred Dollars, and in such other cases as shall be provided by law; and to determine finally all matters of appeal on the judgments and proceedings of said Superior Court in criminal causes:  Provided, however, that appeals from the Superior Court in cases of prosecution under Section 8 of Article V of this Constitution shall be governed by the provisions of that Section."

a circumvention of the constitutional limitation; and the doors would be opened, under the guise of the extraordinary remedy, to appeals from interlocutory rulings in criminal cases, whenever a violation of constitutional rights, easily asserted, has been claimed.

■ Manifestly, our basic constitutional policy is against piece-meal appeals in criminal cases and the delays necessarily resulting therefrom. Such public policy is well founded, in our view, because the proper administration of criminal justice requires prompt law enforcement and speedy trials. Compare Norman v. State, 4 Storey 395, 177 A.2d 347 (1962).

The petitioner relies upon Raduszewski v. Superior Court, Del., 232 A.2d 95 (1967) and Bennethum v. Superior Court, 2 Storey 92, 153 A.2d 200 (1959). Neither is controlling here; each is widely different on its facts;[3] and in each the proceedings had passed the stage of the instant case and the rule to show cause had issued. Obviously, in each of those cases, the jurisdictional question raised was sufficiently apparent on the face of the record to move the Court, in the exercise of its discretion, toward the issuance of the rule. The probability of a lack of jurisdiction of the Superior Court is not thus apparent on the record before us in the instant case.

For the reasons stated, the rule to show cause is denied.[4]

3. In *Raduszewski*, it appeared that the defendant could not have possibly committed the offense charged, as a matter of law; and in *Bennethum*, the Court, having decided that the Statute on which the indictment was based did not define a criminal offense, concluded that the writ should issue because, otherwise, further prosecution might "possibly lead to a futile waste of time."

4. It is noted that this decision on the petition for the rule to show cause was made on the face of the petition, without oral arguments or briefs.

## ON MOTION FOR REARGUMENT

### (February 27, 1968)

The petitioner points to Rule 17(1) of this Court, Del.C.Ann.[1] and contends that the issuance of a rule to show cause is mandatory thereunder by reason of the words "shall issue"; that, therefore, we lack any discretion in the matter.

■ Rule 17(1) contains a grant of authority to this Court which is declaratory of its common law power. Compare Clendaniel v. Conrad, 3 Boyce, 549, 83 A. 1036 (1912). Although mandatory or directory in form, the words "shall issue" are subject nevertheless to the necessary limitation that a proper case has been made out for the exercise of the power. Compare High's Extraordinary Legal Remedies, § 803; State v. Doe, 149 Conn. 216, 178 A.2d 271 (1962); Securities and Exchange Commission v. Mono-Kearsarge Consol. Min. Co. (D.C.Utah) 167 F.Supp. 248 (1958); Fagan v. Robbins, 96 Fla. 91, 117 So. 863 (1928). Such limitation is necessarily implied; for it is unreasonable to assume that in adopting Rule 17(1), this Court intended to impose upon itself and its members the requirement of an automatic issuance of a rule to show cause, no matter how unmeritorious the petition therefor may be on its face. Due consideration for the judges to whom such rules issue would foreclose such supposition.

■ The petitioner also asserts that he "is no way assured by the provisions of

1. Rule 17(1) provides:
   "(1) Presentation of Petition—Rule Thereon. A petition for a writ of prohibition may be presented to the Court at any session thereof or to any justice of the Court in chambers. A rule shall issue thereon requiring the appearance of the respondent named in the petition at a stated or special session of the Court, as shall be determined by the order, to show cause, if any there be, why the writ of prohibition should not be issued as prayed for."

Article 4, Section 11 of the Delaware Constitution that after trial he would have an appeal in this case." We understand from this that the petitioner refers to his posture in the event that he is convicted and a sentence of imprisonment for less than one month or a fine of less than $100. is imposed. In such event, the petitioner may avail himself of Superior Court Criminal Rule 35(a), Del.C.Ann., which provides a post-conviction remedy as to any sentence imposed in violation of the Federal or State Constitution, specifically if "the judgment was rendered without jurisdiction"; and there is, of course, a right of appeal to this Court from the denial of such relief. E.g., Curran v. State, 10 Terry 587, 122 A.2d 126 (1956); Hinckle v. State, Del., 189 A. 2d 432 (1963); King v. State, Del., 212 A. 2d 722 (1965); Priest v. State, Del., 227 A. 2d 576 (1967). For the reasons we have stated, however, the petitioner must await the events he has envisaged in this connection.

Further discussion as to the remaining grounds of the motion for reargument would be redundant. The motion for reargument is denied.