Herbert F. STEIGLER, Petitioner,

v.

The SUPERIOR COURT of the State of Delaware, IN AND FOR NEW CASTLE COUNTY, and the Honorable Andrew D. Christie, an Associate Judge of said Court, Respondents.

Supreme Court of Delaware.

March 31, 1969.

See also Del., 250 A.2d 379.

William E. Taylor, Jr., Wilmington, for petitioner.

Jerome O. Herlihy, Deputy Atty. Gen., Wilmington, for respondents.

WOLCOTT, C. J.; CAREY and HERRMANN, JJ., sitting.

HERRMANN, Justice:

The petitioner, Herbert F. Steigler, was indicted for three murders in the first degree. His petition to be released on bail was denied by the Superior Court after a hearing held pursuant to the instructions of this Court. See In re Steigler, Del., 250 A.2d 379 (1969).

Two petitions to this Court ensued: Steigler first filed a motion for an order of this Court admitting him to bail or, alternatively, to reverse the order of the Superior Court refusing to admit him to bail. This Court denied that motion for the reasons herein reported. Thereupon, Steigler brought on a petition for a writ of prohibition. In support of that petition, Steigler contended (1) that the denial of bail violates his basic constitutional rights; and (2) that the indictment and warrant of arrest issued thereunder are fatally defective. Therefore, the petitioner urged, a writ of prohibition should issue to prohibit the Superior Court from attempting to exercise jurisdiction over him by trying him for the offenses alleged in the indictment; or, alternatively, to vacate the order of the Superior Court denying bail and to

remand with instructions to admit the petitioner to bail on his own recognizance. The State moved to dismiss the petition on the ground that there is no jurisdictional basis for the writ.

Because of the nature of the application, we entered an order prior to written opinion, upon briefs and arguments and review of the record, denying both the motion to dismiss and the petition for prohibition. The reasons for that order are also reported herein.

I.

First, the application that this Court admit the defendant to bail:

■ Except for inherent powers, this Court has only such powers as are granted to it by statute or the Constitution, expressly or by necessary implication. There is no statutory or constitutional authority vested in this Court to grant bail prior to conviction. Generally, the courts of original criminal jurisdiction are given such bail powers (11 Del.C. Ch. 21; 10 Del.C. Ch. 33; 10 Del.C. §§ 1323, 1523, 1724) except that by recent enactment [11 Del.C. § 2103(b)] the Superior Court alone is authorized to admit to bail where a capital offense is charged.

By virtue of 11 Del.C. § 4502, this Court may grant bail after conviction and pending an appeal.[1] But we find no authority for the grant of bail prior to conviction. Accordingly, we denied the defendant's application for bail.

II.

As to the defendant's motion that we reverse the order of the Superior Court refusing to admit the defendant to bail:

■ Clearly, the motion amounts to an appeal from an interlocutory order in a criminal cause. Under Art. 4 Del.Const.

1. Supreme Court Rule 3(2), Del.C.Ann. provides in part:
 " * * * Orders may be entered by any justice staying proceedings below, admitting persons to bail, approving bonds, in any interlocutory or procedural matters, or where elsewhere so provided in these rules."

§ 11(1) (b), Del.C.Ann., this Court lacks jurisdiction to receive such an appeal. Hodsdon v. Superior Court etc., Del., 239 A.2d 222 (1968); Norman v. State, 4 Storey 395, 177 A.2d 347 (1962). Accordingly, we denied the application to reverse the order below denying bail.

### III.

Turning now to the State's motion to dismiss the petition for writ of prohibition:

■ As the first ground for the petition, the defendant contended that the indictment and the warrant of arrest issued thereunder are fatally defective. If this were so, the Superior Court would lack jurisdiction over the subject matter and the person of the defendant; and the writ of prohibition would lie to bar the Superior Court from proceeding with the trial. Bennethum v. Superior Court etc., 2 Storey 92, 153 A.2d 200 (1959); Raduszewski v. Superior Court etc., Del., 232 A.2d 95 (1967). Thus, this facet of the defendant's petition was proper.

The second ground of the petition was more questionable: The defendant contended that the Superior Court lost jurisdiction to enter the order denying bail because, in the process, the defendant's basic constitutional rights were violated.

■ The appellant thus invoked a comparatively lesser-known element of jurisdiction. In addition to the well-known elements of jurisdiction over the subject matter and over the person, jurisdiction of the court to enter a particular order or judgment is deemed equally essential to its validity. And an order may be void for want of jurisdiction by reason of extreme irregularities in the proceedings, other than lack of jurisdiction over the offense and the person, as where fundamental constitutional rights have been violated during the course of the proceedings leading to the order. See 39 Am.Jur.(2d) "Habeas Corpus" §§ 29, 30. This element of jurisdiction is demonstrated in Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 1024, 82 L.Ed. 1461, 146 A.

L.R. 357 (1938). There, the United States Supreme Court stated that compliance with a constitutional mandate is an essential jurisdictional prerequisite to a court's authority to deprive a defendant of life or liberty; that a court's jurisdiction, though existent at the beginning of a proceeding, may be "lost" in the course of the proceedings by deprivation of constitutional rights and, thereafter, the court "no longer has jurisdiction to proceed." See also United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969).

■ Accordingly, we concluded that a writ of prohibition may lie where the lower court has lost jurisdiction to enter the order in question, by reason of violation of a defendant's fundamental constitutional rights, provided that there is no other adequate legal remedy. Compare Matushefske v. Herlihy, Del., 214 A.2d 883, 886 (1965).

■ In the instant case, as indicated above, we have held that there is no right of appeal to this Court from an order denying bail. There is, therefore, no adequate remedy at law to review such an order and prohibition will lie to bar the lower Court from proceeding thereunder in violation of the defendant's fundamental constitutional rights. Compare Canaday v. Superior Court etc., 10 Terry 332, 116 A.2d 678 (1955).

Accordingly, we denied the State's motion to dismiss the petition for the writ.

We arrive, therefore, at the merits of the petition.

### IV.

The attack upon the warrant of arrest was based upon the contention that it was issued without either a showing of probable cause or a valid indictment. Since there was no preliminary hearing and finding of probable cause prior to indictment, and since the warrant was issued under the indictment pursuant to Superior Court

Criminal Rule 9,[2] we turn to the attack upon the indictment.

The defendant contended that the indictment is fatally defective because the Grand Jury proceeding was completely ex parte and no minutes were kept; and because the evidence presented to the Grand Jury was obtained in violation of the defendant's constitutional rights and would be inadmissible at trial; all asserted to be in violation of the defendant's constitutional right to be free from arrest on a warrant except upon sworn statement showing probable cause or a proper Grand Jury indictment, citing Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Aguilar v. United States, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); and Johnson v. United States, 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948).

■ These contentions of the defendant were held to be without merit. The secrecy of the proceedings of a Delaware Grand Jury, as an ex parte accusatorial and inquisitional body, is deeply rooted in the common law and is beyond question in this jurisdiction. The defendant was not entitled to be present during the Grand Jury proceedings, either personally or by counsel, was not entitled to present evidence, and was not entitled as a matter of right to learn the nature of the proceedings by inspection of minutes. See Petition of Jessup, 11 Terry 530, 136 A.2d 207 (1957); State v. Konigsberg, 33 N.J. 367, 164 A.2d 740, 89 A.L.R.2d 345 (1960).

■ As to the nature of the evidence considered by the Grand Jury as the basis for its indictment, there are two observations: First, the record before us did not disclose the evidence that was presented to the Grand Jury. We were, therefore, not in a position to adjudge its adequacy. Secondly, there is no judicial regulation of the kind or quantum of evidence a Grand Jury may consider in the performance of its common law accusatorial function. The Grand Jury is free to act in the performance of that function without aid of Attorney General, or Judge, or other person learned in the law. In the absence of constitutional or statutory requirement, there is no judicial review of the propriety or the efficacy of the evidence considered by the Grand Jury to be adequate for indictment. Compare State v. Winsett, 7 Storey 392, 200 A.2d 692 (1964).

■ We concluded, therefore, that the indictment and the resultant warrant of arrest are unassailable on the grounds asserted; that, therefore, the Superior Court had jurisdiction of the subject matter and the person.

## V.

Next, there was the contention that the Superior Court lost jurisdiction to enter the order denying bail because the bail hearing held by that Court pursuant to the instructions of this Court violated fundamental constitutional rights of the defendant in several respects:

■ 1) It was argued that the burden of proof imposed upon the defendant denied him due process and equal protection of the law. For the reasons set forth in In re Steigler, Del., 250 A.2d 379 (1969) we find no merit in that contention.

2) It was contended that certain evidence admitted at the bail hearing was obtained in violation of the defendant's privilege to be secure from unreasonable search and seizure, citing Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, 84 A. L.R.2d 933 (1961). This evidence consisted of certain containers of inflammable liquids seen on the premises by the firemen as they fought the fire and a certain

2. Superior Court Criminal Rule 9(a) provides in part:
 "Upon the request of the Attorney General the court shall issue a warrant for each defendant named in the information, if it is supported by oath, or in the indictment. * * * *"

door considered important as evidence. It was also contended that certain statements of the defendant adduced at the bail hearing were inadmissible because obtained by the police without warnings required by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966).

We decline to rule at this stage of the case upon all evidentiary questions raised at the bail hearing. The bail hearing was not a trial on the indictment. Its objective and purpose, as we stated in In re Steigler, Del., 250 A.2d 379 (1969), were preliminary in nature to ascertain if a conviction of the capital offense is reasonably likely; and even the appearance of a determination of ultimate guilt or innocence is to be avoided, that issue being the ultimate one to await jury determination at the trial. State v. Konigsberg, 33 N.J. 367, 164 A.2d 740 (1960). In view of the object and purpose of the bail hearing, it is enough if there was sufficient admissible evidence to support the Superior Court's conclusions that there was proof positive and presumption great of murder in the first degree and a reasonable likelihood of the ultimate conviction of the defendant upon that charge; and if there was sufficient admissible evidence, the conclusion of the Superior Court was not invalidated by its consideration of other evidence subsequently found to be inadmissible. Compare State v. Tucker, 101 N.J.Super. 380, 244 A.2d 353 (1968).

Upon a review of the transcript of the proceedings in the bail hearing, we are of the opinion that the statement obtained from the defendant during the initial interview of the defendant by the investigating police officer at the home of a neighbor where the Steigler family had taken refuge, within about three hours after the fire, was not in violation of his rights under the Miranda case. The defendant was not then under arrest, in custody, or "deprived of his freedom of action in any significant way"; and the investigation had not yet reached the accusatory stage. Compare Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (decided March 25, 1969). The statement of the defendant thus obtained, in conjunction with the testimony of the Fire Marshal and Police Sergeant and other evidence not attacked on constitutional grounds, was sufficient, in our view, to support the Superior Court's conclusion. The final determination of the admissibility of other evidence under attack, including the items taken from the premises and the later statements of the defendant obtained by the police, must await trial and any subsequent proceeding.

3) It was further contended that the defendant's constitutional rights were violated in various miscellaneous respects, including the refusal of the Superior Court to require the Foreman of the Grand Jury to appear and testify; the alleged tardiness of the President Judge of the Superior Court in assigning the bail proceeding for hearing; the alleged prejudicial comments made by the Judge in announcing his conclusions at the termination of the bail hearing; and the "totality of circumstances" urged by the defendant, under Greenwald v. Wisconsin, 390 U.S. 519, 88 S.Ct. 1152, 20 L.Ed.2d 77 (1968), as being sufficient to cause the Superior Court to lose jurisdiction to enter the order denying bail. We considered these contentions and screened them against the transcript of the proceedings. We found no violation of basic constitutional rights sufficient to result in a loss by the Superior Court of its jurisdiction to enter that order.

VI.

The defendant claims that he may not be held without bail because to do so violates his rights under the Eighth and Fourteenth Amendments of the Federal Constitution.[3] In this connection, it was

---

3. The Eighth Amendment to the Federal Constitution prohibits excessive bail.

also contended that Article 1, § 12 of the Delaware Constitution is unconstitutional.[4] The defendant's position is untenable. It is almost universally agreed that the Eighth Amendment does not require bail in capital cases; and provisions like Article 1, § 12 are prevalent and valid in most other jurisdictions. See Foote "The Coming Constitutional Crisis in Bail", 113 U. Pa.L.Rev., p. 959. We so held here.

## VII.

 Finally, it was contended that 11 Del.C. § 2103(b) is unconstitutional because of the burden of proof it imposes upon the defendant.[5] The argument is that § 2103(b) violates Article 1, § 12 of

the Delaware Constitution. We have held in In re Steigler, Del., 250 A.2d 379 (1969) that the statutory requirement equates the constitutional provision. As such, there can be no conflict between the two.

\* \* \* \* \* \*

Accordingly, we held that there was no such violation of the defendant's basic constitutional rights as to render void, because of loss of jurisdiction, the Superior Court's order denying bail.

\* \* \* \* \* \*

For the reasons stated, the State's motion to dismiss the petition for writ of prohibition was denied; and the petition also was denied.

---

4. Article 1, § 12 provides:
"All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is positive or the presumption great; \* \* \*."

5. By 11 Del.C. § 2103(b) it was provided that the Superior Court may admit to

bail in capital cases "if after full inquiry, [it] shall determine that there is good ground to doubt the truth of the accusation, and the burden of demonstrating such doubt shall be on the accused."