FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity, Plaintiff,

v.

BLUE ROCK SHOPPING CENTER, INC., a Delaware corporation, Max Ambach and Rose Ambach, Defendants and Third Party Plaintiffs,

v.

The FARMERS BANK OF the STATE OF DELAWARE, a corporation of the State of Delaware, Third Party Defendant.

Civ. A. No. 80–398–JLL.

United States District Court,
D. Delaware.

Dec. 4, 1984.

---

Helen L. Winslow of Richards, Layton & Finger, Wilmington, Del., for third party defendant.

## MEMORANDUM OPINION

LATCHUM, Senior District Judge.

On June 28, 1983, this Court issued an opinion as amended in this case, 567 F.Supp. 952 (D.Del.1983), in which it held that Max and Rose Ambach were co-makers of the bond and warrant delivered by them to the Farmers Bank of the State of Delaware, and, based on the best available evidence before it,[1] the Court predicted that the Delaware Supreme Court would adopt the interpretation that 6 *Del.C.* § 3–606(1)(b) does not discharge or release a co-maker of a bond or note. 567 F.Supp. at 958. A final judgment was thereafter entered by this Court (Docket Item ["D.I."] 70), from which the defendants took an appeal.

The United States Court of Appeals for the Third Circuit issued an opinion and order on October 19, 1984, 749 F.2d 25, 26, which, without relinquishing appellate jurisdiction, remanded the case to afford this Court an opportunity to determine the propriety of certifying to the Delaware Supreme Court the question of the correct interpretation of 6 *Del.C.* § 3–606(1)(b). (D.I. 83.)

After considering the letter memoranda of the opposing parties (D.I. 81, 82, 84 & 85), the Court finds that for six independent and equally compelling reasons it would be inappropriate for this Court to certify any issue in this case to the Supreme Court of Delaware.

## I. JURISDICTIONAL AND SELF–IMPOSED CONSTRAINTS ON THE DELAWARE SUPREME COURT

The first five reasons for concluding that certification would be inappropriate can all be stated in terms of the jurisdictional and self-imposed constraints on the Delaware Supreme Court. Of those five, the first two hinge on the chronology of this Court's actions and the events which

Gregory A. Inskip of Potter, Anderson & Corroon, Wilmington, Del., for plaintiff.

John E. Babiarz, Jr., of Morris, Nichols, Arsht & Tunnell, Wilmington, Del., for defendants and third-party plaintiffs.

---

1. *New Amsterdam Cas. Co. v. First Pennsylvania Banking and Trust Company,* 451 F.2d 892, 893 (3d Cir.1971).

expanded the Delaware Supreme Court's jurisdiction.

The Delaware constitution was amended in 1983 to give the Delaware Supreme Court jurisdiction

[t]o hear and determine questions of law certified to it by other Delaware courts and the United States District Court for the District of Delaware where it appears to the Supreme Court that there are important and urgent reasons for an immediate determination of such questions by it.

Del. Const. art. IV, § 11(9). However, that amendment was not made until *after* this Court had announced its June 28, 1983 opinion. Furthermore, the amendment apparently was not self-effectuating; it states that "[t]he Supreme Court *may*, by rules, define generally the conditions under which questions may be certified to it, and prescribe methods of certification." *Id.* (Emphasis added.) The Supreme Court did not institute such a rule until six months later, on January 15, 1984. In the meantime, this Court, on October 25, 1983, had entered a final judgment based on its June 28, 1983 opinion.

The sequence of these events makes it evident that as of the time decision on the now remanded issue was announced, Delaware had not yet made any provision for its Supreme Court to accept certification of questions from this Court. Lacking such a provision, the Delaware Supreme Court lacked the jurisdiction necessary to accept and rule on questions in this case. *Steigler v. Superior Court*, 252 A.2d 300, 302 (Del.), *cert. denied*, 396 U.S. 880, 90 S.Ct. 160, 24 L.Ed.2d 139 (1969). It is not the province of this Court to attempt a retroactive expansion of the jurisdiction of a Delaware court.

The sequence of events also shows that even if the present constitutional provision for certification had been enacted before this Court's decision was announced, it would still be improper to certify a question from this case because the Delaware Supreme Court did not change its rules to take advantage of the opportunity for ex-

panded jurisdiction until after a final judgment had been entered. Although aware of the United States Supreme Court's footnote dictum that "it is not to be assumed ... that such rules are a jurisdictional requirement" for certification, *Clay v. Sun Insurance Office, Ltd.*, 363 U.S. 207, 212 n. 3, 80 S.Ct. 1222, 1225–26 n. 3, 4 L.Ed.2d 1170 (1960), this Court does not take that as license to assume the contrary. Whether the pertinent rule is jurisdictional or not, however, the fact remains that when this Court entered its final judgment the rule was not a rule at all; the mechanics of certification were not yet established. The Delaware Supreme Court chose the timing of the rule's enactment, and it would be awkward at best for this Court to start second-guessing that court's choices about its own administration.

■ Independent of the chronology of decisionmaking in this Court and constitutional developments in Delaware, but still based on respect for the jurisdictional and self-imposed constraints on the Delaware Supreme Court, there are three additional reasons for not certifying the question now on remand. One is the very meaning of the word "certify." Certification is a "procedure by which a Federal Court *abstains from deciding* a state law question until the highest court of the state has had an opportunity to rule on the question so certified by the Federal Court." Black's Law Dictionary (5th ed. 1979) (emphasis added); *see* 1A, Pt. 2 Moore's Practice ¶ 0.203[5] (2d ed. 1983); 17 Wright, Miller & Cooper, Federal Practice and Procedure § 4248 (1978). This Court cannot abstain from deciding the question; it has already decided it. And, having been decided, the question cannot now be "certified." Putting it to the Delaware Supreme Court now would be in effect an appeal from this Court, something the state court clearly does not have the jurisdiction to entertain.

■ Even if it had the jurisdiction, however, the Delaware Supreme Court does not have the inclination to take certification in cases such as this. Delaware Supreme Court Rule 41 states that questions may be

submitted "prior to the entry of final judgment...." There is no provision for exception to that time limitation. Because the judgment entered in this case on October 25, 1983, is a final judgment,[2] *see* 28 U.S.C. § 1291; *Gillespie v. United States Steel Corp.*, 379 U.S. 148, 152, 85 S.Ct. 308, 310, 13 L.Ed.2d 199 (1964), it removes all issues subsumed in it, including the one now on remand, from potential consideration by the Delaware Supreme Court.

That Delaware's high court could not and would not take certification in the instant case is also evident from the conspicuous omission of the United States Court of Appeals for the Third Circuit from the list of courts authorized by the state to certify questions. *See* Del. Const. art. IV, § 11(9); Delaware Supreme Court Rule 41. The majority of states which provide for certification from federal courts permit certification by both trial and appellate courts. 1A, Pt. 2 Moore's Federal Practice ¶ 0.203[5] (2d ed. 1983). Some authorize certification only by the courts of appeals and the Supreme Court. *Id.* Delaware surely knew of these models when it undertook the drafting of its own certification provisions, but it chose not to extend to federal appellate courts the opportunity to certify questions to its supreme court. It would be a contravention of that apparently purposeful decision of the state if this Court were to allow the United States Court of Appeals for the Third Circuit to do indirectly, through remand, what the Delaware constitution does not allow to be done directly. The State of Delaware, not this Court, will decide if and when certification from the Third Circuit should be permitted.

## II. THE NATURE OF THE QUESTION ON REMAND

 The final reason that certification is not in order in this case is simply that the Uniform Commercial Code question posed is not a difficult one about which there is a dearth of Delaware authority. There are reliable indications of how the state would answer. As the remanding court recognized in an earlier case, "Delaware has published its own comments, prepared by the committee to Study and Report on the Uniform Commercial Code for Delaware, which appear under the heading 'Delaware Study Comment,' following the text of each section." *Appeal of Copeland*, 531 F.2d 1195, 1203 n. 4 (3d Cir.1976). This Court's previous opinion grounded its interpretation of 6 *Del.C.* § 3–606(1)(b) on one of those Delaware Study Comments. *See* 567 F.Supp. at 957–58. Given the plain implication of the cited study comment, finding the answer to the state law question is neither so pressing nor so perplexing a task that it warrants certification of the question to the Delaware Supreme Court.

The United States Court of Appeals for the Fifth Circuit, the most experienced of the federal courts of appeals in the use of certification procedures, 1A, Pt. 2 Moore's Federal Practice ¶ 0.203[5], spoke wisely when it said, "We use much judgment, restraint and discretion in certifying. We do not abdicate." *Barnes v. Atlantic & Pacific Life Insurance Co.*, 514 F.2d 704, 705 n. 4 (1975). This Court intends to follow the same course.

Accordingly, the Court, although grateful for the opportunity afforded it by the court above, declines to certify the remanded question.

---

**2.** The defendants argue that the judgment is "not a final judgment since it is presently subject to being altered or overturned." (D.I. 85 at 2.) This interpretation of the word "final" is manifestly erroneous in light of the language of Delaware Supreme Court Rule 41. It states that "the United States District Court for the District of Delaware may ... certify to this Court for decision a question of law ... prior to the entry of final judgment...." By the defendants' logic, this language is a nullity, because after *every* judgment of this Court is entered it is subject to alteration or reversal by a United States Court of Appeals. It does not take lengthy analysis to conclude that "final judgment" means what it ordinarily means when used in reference to this Court.