IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF VERNON L. | § | No. 575, 2018 |
| MONTGOMERY FOR A WRIT OF | § | |
| MANDAMUS. | § | |

Submitted: December 6, 2018
Decided: December 17, 2018

Before **VALIHURA**, **SEITZ**, and **TRAYNOR**, Justices.

### O R D E R

(1)     The petitioner, Vernon L. Montgomery, was indicted in 2017 on charges of Robbery First Degree and other felony offenses.[1]  In June 2017, the Superior Court granted Montgomery leave to proceed without counsel and represent himself in the criminal case.  Trial is scheduled to begin on February 5, 2019.[2]

(2)     Montgomery seeks the issuance of a writ of mandamus to compel the Superior Court to correct a September 20, 2018 ruling in his case.  Montgomery also would have us compel the Superior Court to dismiss the indictment.  The State of Delaware, as the real party in interest, has filed an answer opposing the petition.

(3)     A writ of mandamus is an extraordinary remedy issued by this Court to compel a trial court to perform a duty.[3]  When invoking this Court's original jurisdiction to issue a writ of mandamus, the burden is upon the petitioner to establish

---

[1] *State v. Montgomery*, Del. Super., Cr. ID No. 1710001043.
[2] *Id.* Docket at 108.
[3] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).

a clear entitlement to the relief sought and that no other adequate remedy is available.[4] Montgomery has failed to carry that burden in this case.

(4) First, Montgomery has not shown that he has a clear right to a correction of the Superior Court's September 20, 2018 ruling. Montgomery sought such a correction in October 2018, when he filed an appeal from the ruling. We dismissed the appeal for this Court's lack of jurisdiction to hear an interlocutory appeal in a criminal case.[5] Montgomery cannot use the extraordinary writ process to overcome that jurisdictional hurdle.[6]

(5) Second, Montgomery has not shown that the Superior Court has arbitrarily failed or refused to perform a duty owed to him. The Superior Court case docket reflects that Montgomery recently filed a motion seeking a dismissal of the indictment.[7] That motion and the State's response were referred to the Trial Judge for action.[8] Absent "a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a

---

[4] *In re Cannon*, 2018 WL 4212136 (Del. Sept. 4, 2018) (citing *In re Wittrock*, 649 A.2d 1053, 1054 (Del. 1994)).

[5] *Montgomery v. State*, 2018 WL 5291244 (Del. Oct. 23, 2018) (citing Del. Const. art. IV, § 11(1(b); *Gottlieb v. State*, 697 A.2d 400, 401 (Del. 1997)).

[6] *Harris v. State*, 1987 WL 37710 (Del. June 2, 1987) (citing *Hodsdon v. Superior Court*, 239 A.2d 222 (1968)).

[7] *Supra* note 1. Docket at 106.

[8] *Id.* Docket at 115.

2

particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[9]

(6) Finally, in the event his Superior Court criminal proceeding leads to a judgment of conviction, Montgomery has not shown that he is without an adequate remedy. "The right to appeal a criminal conviction is generally considered a complete and adequate remedy to review all of the questions presented in a criminal proceeding."[10]

NOW, THEREFORE, IT IS ORDERED, that the petition for a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Gary F. Traynor*
Justice

---

[9] *Supra* note 3.
[10] *In re Noble*, 2014 WL 5823030 (Del. Nov. 6, 2014) (quoting *In re Hovey*, 545 A.2d 626, 628 (Del. 1988)).