# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE      )
                               )
       v.                    )     No. 1909006789
                               )
LAVAR LEWIS,          )
                               )
    Defendant.        )

Submitted: August 19, 2020
Decided: November 9, 2020

## ORDER

**Upon Review of Lavar Lewis' Motion for
Review of Commissioner's Order- Affirmed**

Defendant Lavar Lewis was indicted in this Court for robbery and related criminal charges. After Lewis was detained in default of bail, he filed a motion that, among other things, challenged the constitutionality of Delaware's bail statute. While the motion was pending, Lewis's bail was reduced, he posted a bond, and he was released from detention. Consequently, the Superior Court Commissioner assigned to hear Lewis's motion denied it as moot.

Lewis asks this Court to review the Commissioner's order, arguing the public interest exception to the mootness doctrine should be applied so the Court may consider the merits of Lewis's argument. Lewis also challenges the Commissioner's order on the grounds that it violated his right to due process and his right to counsel. Lewis's motion requires the Court to determine whether (i) the issue of the bail

statute's constitutionality evades review; (ii) due process required the Commissioner to hold oral argument in this case; and (iii) the absence of oral argument denied defense counsel the opportunity to advocate for Lewis. For the reasons that follow, the Commissioner's order is affirmed.

## FACTUAL & PROCEDURAL BACKGROUND

1. On September 11, 2019, Defendant Lavar Lewis was arrested and charged with Robbery First Degree, Wearing a Disguise, and Misdemeanor Theft.[1] Lewis allegedly robbed a Burger King restaurant while wearing a face covering and displaying what appeared to be a hand gun.[2] A witness identified Lewis as the perpetrator; this identification later was supported by witness statements and video surveillance.[3] Following his arrest, police officers executed a search warrant on Lewis's home and found $1,181.00 in cash along with two BB guns that appeared to match the gun seen in surveillance footage of the incident.[4]

2. Lewis was presented to the Justice of the Peace Court, and a Magistrate set bail at $27,000.00 cash along with conditions for supervised release.[5] Lewis was detained in default of bail.[6] After conferring with counsel, Lewis waived his right

---

[1] Comm'r Order at 1.
[2] *Id.*
[3] *Id.*
[4] *Id.* at 1-2.
[5] *Id.* at 2.
[6] *Id.*

to a preliminary hearing in the Court of Common Pleas on September 18, 2019.[7]

Lewis also waived his right to a bail hearing at that time, and his bail remained set at $27,000.[8]

3.     After Lewis's case was accepted in this Court, his counsel filed a Motion for Reduction of Bail (the "Bail Motion").[9]  Lewis's Bail Motion raised a number of arguments, including that Delaware's bail statute is unconstitutional.[10] On December 4, 2019, the Court held a hearing on Lewis's arguments other than the arguments regarding constitutionality and denied the request to modify bail, finding the bail was reasonable and appropriate under the circumstances.[11]  The Court ordered briefing on the constitutional issues raised in the Bail Motion.[12]

4.     On March 17, 2020, after he had pleaded guilty and while he was awaiting sentencing, Lewis's bail was reduced to $20,000 secured.  Lewis then posted bail and was released from custody.[13]  On May 14, 2020, the Commissioner issued an Order ("the Order"), denying Lewis's Bail Motion as moot.[14]  The

---

[7] Id.
[8] Id.
[9] Id.
[10] Id. at 2-3.
[11] Id. at 3.
[12] Id. at 4.
[13] Id. at 5-6.  The commissioner who reduced Lewis's bail on March 17th was not the commissioner who was considering his Bail Motion discussed above.  It does not appear that Lewis's counsel advised the commissioner who was considering the March 17th motion that another bail motion already was pending before another commissioner.
[14] Id. at 13-15.

Commissioner reasoned that, because his bail was reduced and he was not detained, Lewis had obtained the relief he sought and there no longer was a live controversy.[15] On May 22, 2020, Lewis filed this Motion for Review of the Commissioner's Order. In his Motion for Review, Lewis argues the Commissioner should have applied the public interest exception to mootness.[16] Lewis also contends the Order violated his rights to due process and counsel.[17] The State argues the bail issue is moot because Lewis obtained the reduced bail he sought.[18] The State also asserts Lewis was afforded adequate due process, and he waived his argument regarding the Sixth Amendment by failing to cite any supporting case law.[19]

**ANALYSIS**

5.      The parties dispute the standard of review applicable to this Court's review of the Commissioner's Order.  The State maintains that, as a decision to modify bail, the Order should be reviewed under the clear error standard.[20]  Lewis,

---

[15] *Id.*

[16] Lewis argued to the Commissioner that the Bail Motion was not moot because it raised an issue of public interest that would arise in the future but continually evade review. *See* Def.'s Mot., Ex. B, 7-18.  In Lewis's Motion for Review, he argued the Commissioner erred in concluding the issue would not evade review in the future.  Def.'s Mot. at 4-16.  In his reply brief, however, Lewis argued for the first time that the Court need not consider the "evade review" question because the public interest exception to the mootness doctrine does not require such a finding.  The Court finds that Defendant waived the argument that "evading review" is not a necessary element to the public interest exception by failing to raise that issue in a timely manner before the Commissioner or in his Motion for Review.  And, in any event, Delaware precedent requires a finding that an issue will evade review before the public interest exception to mootness will apply. *See* n.27, *infra*.

[17] *Id.* at 16-17.

[18] State's Resp. at 14.

[19] *Id.* at 13-20.

[20] *Id.* at 7 (citing *State v. Perkins*, 2004 WL 1172894, AT *1 (Del. Super. May 21, 2004)).

4

however, argues he is asserting claims of legal error that should be reviewed *de novo*.[21] The State is correct that "a commissioner's decision to modify bail is entitled to deference under the law of the case doctrine."[22] The Order, however, did not reach the merits of the bail issue.[23] In an appeal, this Court reviews questions of law *de novo* and reviews questions of fact under the "substantial evidence" standard.[24] Mootness and the other constitutional issues presented by this case are questions of law, so the Court has reviewed the Order *de novo*.

## I.   The Commissioner correctly determined the bail issue is moot.

6.      "Mootness arises when controversy between the parties no longer exists such that a court can no longer grant relief in the matter."[25] A court's function is to consider live controversies, and for that reason courts generally will not consider issues that become moot before the court issues its decision.[26]

7.      The public interest exception to the mootness doctrine applies when a case raises a question of public importance but that question is likely to evade review.[27] The parties dispute how the "evades review" element should be analyzed. Lewis argues that a case evades review when the controversy resolves before the

---

[21] Def.'s Reply at 2.
[22] *State v. Perkins*, 2004 WL 1172894, at *1 (2004).
[23] Comm'r Order at 13-16.
[24] *Rittenour v. Astropower, Inc.*, 2005 WL 4051539, at *1 (Del. Super. Dec. 29, 2005).
[25] *Mentor Graphics Corp. v. Shapiro*, 818 A.2d 959, 963 (Del. 2003).
[26] *State Farm Mut. Auto. Ins. Co. v. Davis*, 80 A.3d 628, 632 (Del. 2013).
[27] *Wooten v. State*, 2003 WL 22866416, at *1 (Del. Nov. 24, 2003) (citing *Radulski v. Delaware State Hosp.*, 541 A.2d 562, 566 (Del. 1988)).

case proceeds through the entire course of litigation, including appeal to the Delaware Supreme Court. The State, however, asserts the proper question is whether the matter would evade review before *this* Court.

8. Lewis is correct that, when considering if an issue will "evade review," the Court must assess whether the case could be subjected to full appellate review before becoming moot. When applying the public interest exception, courts implicitly have analyzed whether complete appellate review of an issue is possible. In *Sosna v. Iowa*, the appellant filed a class action challenging the constitutionality of a one-year residency requirement for filing a divorce petition.[28] While the litigation was proceeding, the one-year residency period elapsed for the appellant.[29] The United States Supreme Court pointed out this was not surprising because "in many cases, *appellate review* [would] not be completed until after the plaintiff ha[d] satisfied the residency requirement."[30] The court ruled the case was not moot because a controversy still might exist as to some members of the class.[31] Similarly, in *Smith v. State*, the Delaware Supreme Court was asked to review an involuntary commitment order after the appellant already had been released.[32] The appellant argued the court should apply the public interest exception because an involuntary

[28] *Sosna v. Iowa*, 419 U.S. 393, 395-96 (1975).
[29] *Id*. at 399.
[30] *Id*. at 398 (emphasis added).
[31] *Id*. at 402.
[32] *Smith v. State*, 2018 WL 6202281, at *1 (Del. Nov. 28, 2018).

6

commitment order typically expires after three months, which does not give the challenger time for full appellate review.[33] The court considered whether the issue would evade full appellate review but determined it would not because proceedings in this Court and the Supreme Court could be expedited when necessary.[34] Even taking into account, however, the time necessary to pursue an appeal, the bail issue will not evade review for the reasons set forth below. Accordingly, the public interest exception does not apply, and Lewis's bail challenge is moot.

## A. This issue will not evade review in the future because superior tribunal review is available through a writ of prohibition.

9. Lewis claims the bail statute's constitutionality will continue to evade review given the temporary nature of pretrial detention. Lewis points out a bail order is interlocutory, and interlocutory appeals are prohibited in criminal cases.[35] Lewis argues that by the time a case can be appealed, a criminal defendant no longer will be subject to pretrial detention. This argument is incorrect, however, because in future cases, a criminal defendant could obtain review of a decision regarding the constitutionality of the bail statute through a writ of prohibition.[36]

---

[33] *Id*. at *2.
[34] *Id*.
[35] *Steigler v. Super. Ct.*, 252 A.2d 300, 302-03 (Del. 1969).
[36] In a footnote, the Commissioner pointed out that, in addition to a writ of prohibition, "other opportunities [for review] may be available." Comm'r Order at 18, n.44. The Commissioner specifically mentioned the possibility of a class action claim, an advisory opinion, or a writ of certiorari. Lewis spends substantial time in his Motion for Review challenging the viability of each of these options. But those arguments are themselves moot based on this Court's finding that a writ of prohibition would be available. The Court therefore need not consider those additional arguments.

10.     A writ of prohibition can be issued where a court lacks jurisdiction to proceed because it violated a defendant's constitutional rights and there is no adequate remedy at law.[37]  In *Steigler v. Superior Court*, the Delaware Supreme Court held that a direct appeal for a bail order was not possible because it would be an impermissible interlocutory appeal.[38]   The Court, however, ruled that a constitutional challenge to a bail order is one situation where a writ of prohibition is appropriate:

> In the instant case…we have held that there is no right of appeal to this Court from an order denying bail.   There is, therefore, no adequate remedy at law to review such an order and [a writ of] prohibition will lie to bar the lower Court from proceeding thereunder in violation of the defendant's fundamental constitutional rights.[39]

Lewis argues *Steigler* is not controlling here, and this Court instead should apply *Hodson v. Superior Court*.[40]  In *Hodson*, the appellant challenged his indictment, asserting that the statute on which it was based was unconstitutional.[41]   The Delaware Supreme Court denied the defendant's request for a writ of prohibition, finding it was being used as a tool to evade the limitations on interlocutory appeal.[42]

---

[37] *Id.* at 303.
[38] *Id.* at 302-03 (citing Art. 4 Del. Const. s 11(1)(b)).
[39] *Id.* at 303.
[40] Def.'s Mot. at 9; *Hodson v. Super. Ct.*, 239 A.2d 222 (Del. 1968).
[41] *Id.* at 223-24.
[42] *Id.* at 224.

The *Hodson* court determined that a writ of prohibition was not appropriate because the Superior Court's lack of jurisdiction was not apparent from the record.[43]

11. Lewis ignores the striking similarities between *Steigler* and this case. The defendant in *Steigler* challenged his bail on the basis that it violated his constitutional rights, which is precisely the argument Lewis makes here.[44] *Steigler* plainly establishes that a writ of prohibition is available to address constitutional issues surrounding bail because the bar against interlocutory appeals otherwise would cause the issue to evade review. There is no material distinction between this case and *Steigler*, and other defendants seeking to challenge the constitutionality of Delaware's bail statute will have access to appellate review in the Delaware Supreme Court through a writ of prohibition. Accordingly, the bail issue will not evade review.

**B. This issue is unlikely to evade review in the future because Lewis's own actions caused many of the delays in this case.**

12. The Commissioner also held that Lewis's own actions contributed to the delays in the case, and future cases challenging the bail statute's constitutionality likely will benefit from "concise briefing and expeditious review," allowing the issue to be resolved before the underlying criminal charges are resolved.[45] The record

---

[43] *Id.*

[44] *Steigler*, 252 A.2d at 302.

[45] Comm'r Order at 17.

supports the Commissioner's conclusion that Lewis created or exacerbated numerous delays in the Bail Motion's resolution. First, when Lewis filed his reply in further support of his Bail Motion, he raised for the first time a due process argument, which necessitated the State filing a Sur-Reply and prevented the Court from considering that issue at the December 4th hearing.[46] Second, on December 12, 2019, Lewis requested a continuance of the hearing date to allow for the presentation of expert testimony; the Court then held a teleconference on December 30, 2019 to address the continuance request.[47] The docket reflects a series of communications between the Court and Lewis's counsel in which Lewis's counsel sought further to delay a hearing on the bail motion.[48] Finally, on March 5, 2020, Lewis filed another motion for reduction of bail that was granted on March 17, 2020.[49] This had two effects: (i) Lewis posted bail and no longer was incarcerated; and (ii) the parties then were required to submit additional briefing on whether the bail issue was moot.[50]

13. This case is analogous to *Radulski v. Delaware State Hospital*, where the Court declined to apply the public interest exception to an involuntary commitment appeal.[51] Although it acknowledged that involuntary commitment is

---

[46] Comm'r Order at 4.
[47] *Id.*
[48] D.I. #26-33, #15.
[49] Comm'r Order at 5.
[50] *Id.*
[51] *Radulski*, 541 A.2d at 566.

10

of a temporary nature, the Court concluded the issue would not evade review in future cases because attorneys could take advantage of expedited scheduling under Supreme Court Rule 25.[52] According to the Court, the delays that led to the issue becoming moot entirely were attributable to the petitioner's attorney: "[n]ot only did counsel fail to avail themselves of [the] expedited procedure but they also sought numerous time extensions that delayed the hearing of this appeal."[53] As in *Radulski*, the defense slowed the Bail Motion's resolution and appeal by seeking a continuance and raising new issues that further compounded the delay. If future defendants seek expedited review and avoid unnecessarily delaying litigation, there should be no reason why the bail issue cannot be resolved before a defendant is released from pretrial detention.

## II. The Commissioner's Order did not violate Lewis's due process rights.[54]

14. Lewis next contends the Court should reverse the Order because the proceedings before the Commissioner did not afford him adequate due process. Lewis's theory is that because the Commissioner ordered simultaneous briefing and did not hold oral arguments on the mootness issue, Lewis was not given a reasonable

---

[52] *Id*. ("[T]he issue presented by this appeal…is capable of repetition. However, such repetition will not evade review if, in the future, attorneys utilize the procedures set forth in [the Supreme] Court's Rules.").

[53] *Id*.

[54] It is unclear if Lewis abandoned his due process claim. He did not address it in his reply brief, despite discussing all other relevant issues. The Court nevertheless will address the due process claim.

opportunity to respond to the State's arguments or the Commissioner's conclusions regarding jurisdiction. The State, however, argues due process did not apply to the proceedings because Lewis was not deprived of a protected liberty or property interest. Nowhere in Lewis's briefing does he identify any deprivation that would entitle him to due process. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."[55] The list of protected interests is not infinite.[56] Lewis was not deprived of a protected liberty or property interest; by the time the Commissioner ordered briefing on the mootness issue, Lewis had posted the $20,000 modified bail and no longer was detained. He therefore was not facing any deprivation of liberty or property and was not entitled to any procedural due process.

15. Even assuming *arguendo* that the Order deprived Lewis of some protected interest, his due process rights were not violated by the Commissioner's decision to forego oral argument. "Due process is flexible and calls for such procedural protections as the particular situation demands."[57] Whether procedures provide sufficient due process depends on three factors: "(1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used…; and (3) the Government's interest, including

---

[55] *Board of Regents of State College v. Roth*, 408 U.S. 564, 570 (1972).
[56] *Id.*
[57] *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).

12

the fiscal and administrative burdens that the additional or substitute procedures would entail."[58] In assessing what process is due, "substantial weight must be given to the good-faith judgments" of those persons who determined the challenged procedures were adequate.[59] The United States Supreme Court explicitly has acknowledged that due process does not require the Court to hear oral argument on every question of law.[60]

16.     The record demonstrates Lewis was afforded adequate due process. His briefing to the Commissioner was drafted by counsel, an educated and licensed attorney. Lewis's counsel also orally discussed mootness with the Commissioner and even corresponded with the Commissioner about particular case law he should address. The State and defense counsel exchanged draft briefs before the filing deadline, removing the possibility of any unfair surprise. Given the high level of involvement from Lewis's counsel and from the Commissioner, the risk of Lewis's rights erroneously being deprived was very low.

---

[58] *Matthews v. Eldridge*, 424 U.S. 319, 321 (1976).

[59] *Id*. at 349.

[60] *FCC v. WJR*, 338 U.S. 265, 274-75 (1949) ("Taken at its literal and explicit import, the Court's broad constitutional ruling cannot be sustained. So taken, it would require oral argument upon every question of law…This would be regardless of whether the legal question were substantial or insubstantial[.])" *See also* Del. Super. Ct. Crim. R. 57(d), Del. Super. Ct. Civ. R. 78(c).

**III.** **The Commissioner's Order did not violate Lewis's Sixth Amendment right to counsel.[61]**

17.    Lewis cites no facts supporting his Sixth Amendment argument.  He merely states, "counsel was not provided an opportunity to advocate for Defendant's position[.]"[62]  As discussed in the preceding section, there is no constitutional right to oral argument.  The Commissioner afforded Lewis's counsel ample opportunity to advocate Lewis's position both in formal briefing and in email correspondence with the Court.  Further, Lewis has not introduced any facts or case law demonstrating his right to counsel was violated.  Reviewing the record at hand, this argument has no merit.

For the reasons stated above, the Order of the Commissioner is **AFFIRMED.**

**IT IS SO ORDERED.**

*/s/ Abigail M. LeGrow*
Abigail M. LeGrow, Judge

---

[61] It is unclear if Lewis abandoned his Sixth Amendment claim.  He did not address the issue in his reply brief, despite discussing all other relevant issues.  Nevertheless, this Court will address the Sixth Amendment argument.

[62] Def.'s Mot. at 17.