STATE *v.* INA KOESTER.

(*September* 29, 1931.)

RICE, J., sitting.

*Reuben Satterthwaite,* Attorney-General, for the State.

*P. Warren Green* and *C. Edward Duffy* for the defendant.

Court of General Sessions for New Castle County, Indictment for murder of the first degree, No. 97, September Term, 1931.

RICE, J., delivering the opinion of the Court:

The State contends:

1. That this Court is without jurisdiction to admit a defendant to bail in a capital case after indictment found by the Grand Jury.

2. That even if the Court has such jurisdiction the indictment is conclusive in its presumption of guilt of the accused prior to trial before the Petit Jury.

3. That even if the Court has jurisdiction to admit to bail in such cases and the indictment does not constitute a conclusive presumption of guilt before trial, the evidence before the Coroner does not disclose a state of facts which would make it proper to admit the defendant to bail.

*Article* 1, § 12, of the *Constitution of the State of Delaware,* provides:

"All prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is positive or the presumption great; and when persons are confined on accusation for such offenses their friends and counsel may at proper seasons have access to them."

This section of the *State Constitution* is identical or similar in its language to provisions appearing in the Constitution or statute laws of practically, if not all of the States in the Union. There is conflict in the decisions throughout the country upon the question whether a person accused of a capital offense can be admitted to bail after indictment by a Grand Jury. In some jurisdictions, it is held that an indictment for a capital offense constitutes a presumption so great as to preclude any inquiry into the merits in a habeas corpus proceeding or on a petition for admission to bail. *Territory v. Benoit,* 1 *Mart.* (*O. S.*) 142; *State ex rel. Thomas v. Brusle,* 34 *La. Ann.* 61; *People v. McLeod,* 25 *Wend.* (*N. Y.*) 483, 1 *Hill* 377, 37 *Am. Dec.* 328; *Hight v. U. S., Morris* (*Iowa*) 407, 43 *Am. Dec.* 111; *People v. St. Lucia,* 315 *Ill.* 258, 146 *N. E.* 183. In other jurisdictions it is held that similar provisions to that appearing in the Constitution of this State should be con-

strued to apply to capital cases, even after indictment by the Grand Jury, and the accused admitted to bail if he can show that the proof is not positive or it appears that the presumption is not great. *Ex parte Sutherlin,* 56 *Ind.* 595; *Lynch v. People,* 38 *Ill.* 494; *Lumm v. State,* 3 *Ind.* 295; *Ex parte Kendall,* 100 *Ind.* 599; *Ex parte Heffren,* 27 *Ind.* 87; *State v. McNab,* 20 *N. H.* 160; *Ex parte Bridewell,* 57 *Miss.* 39 (also cited in *Ex parte Eubanks,* 65 *Miss.* 147-154, 3 *So.* 241); *Ex parte Acree,* 63 *Ala.* 234; *Ex parte White,* 9 *Ark.* 222; *Ex parte Mormon,* 112 *Miss.* 15, 72 *So.* 835; *Ex parte Nagel,* 41 *Nev.* 86, 167 *P.* 689; *Ex parte Fox,* 17 *Okl. Cr.* 710, 188 *P.* 888.

The jurisdictions reflecting the latter view in the decisions of the Courts seem to be divided into three classes:

1. Where the indictment is conclusive except in special cases or when the circumstances are extraordinary. *Ex parte Sutherlin,* 56 *Ind.* 595; *State ex rel. Thomas v. Brusle,* 34 *La. Ann.* 61; *Ex parte Bridewell,* 57 *Miss.* 39.

2. Where the indictment constitutes a *prima facie* presumption of guilt prior to trial before a jury and the burden rests upon the accused to overcome this presumption, in some cases, by calling witnesses including the State's witnesses, and in some cases where a record is made of the testimony of witnesses before the Grand Jury, by showing from such record that the proof is not positive or the presumption great. *Ex parte Kendall,* 100 *Ind.* 599.

3. Where witnesses will be heard generally upon the merits of the case in determining whether or not the accused should be admitted to bail.

The question resolves itself into one concerning the weight to be attached to an indictment charging a capital offense by the Grand Jury. If the provision of the *Constitution (Article 1, § 12)* is construed in such a way as not to include capital cases after indictment, then the indictment is conclusive that the proof is positive or the presumption is great. If it should be construed in such a way

as to include capital cases after as well as before indictment, then the weight to be attached to the indictment may be said generally to come within one of the three before mentioned classes.

■■ In the limited time permitted to me for an examination of the authorities upon the question, it is my impression that the provision of the Constitution cannot be limited to capital cases before indictment and that the provision also has application to cases after indictment. It is also my impression, however, that considerable weight should be given to the indictment by the Grand Jury and that the presumption arising from the indictment is great and should prevail unless in cases where the circumstances are special and extraordinary. It would seem that the framers of the Constitution did not intend that under all and every circumstance a person charged with a capital offense could not be admitted to bail after indictment and before trial. There may be circumstances making it not only fair, but proper to admit to bail a person so charged after indictment. Some illustrations of what would be deemed special and extraordinary circumstances have been stated in the case of *People v. Tinder*, 19 *Cal.* 539, 81 *Am. Dec.* 77. Among the illustrations there stated may be mentioned—the existence of a person charged to have been murdered; a clear and unequivocal confession by another of the commission of the offense for which the defendant is indicted; when the prosecuting officer admits that the evidence which he can provide will not warrant a conviction of a capital offense. And when, after verdict of guilty, a new trial has been granted because of the insufficiency of evidence to warrant a conviction.

■ It is my opinion that the petition filed in the present case does not set forth any circumstances of a special or extraordinary character which would make it proper to admit the petitioner, Ina Koester, to bail. In fact, the petition does little more than state that the accused is inno-

cent of the offense with which she is charged. Attacking the record of the testimony taken before the Coroner adds little to the petition, for the reason that an examination of the record discloses that the testimony of the witnesses there examined was of a decidedly limited character and cannot be considered as at all exhaustive as to the extent of the knowledge of the various witnesses concerning the facts in the case. The testimony of the accused before the Coroner was little more than a brief recital by her of her story, without any effort made by the Coroner or any member of the Jury to test the truthfulness of her statement or the credibility of her story.

It is claimed by counsel for the petitioner that every witness appearing before the Grand Jury, with one exception, also testified at the hearing conducted by the Coroner, but evidently in their haste in preparing for the hearing upon the petition, they have overlooked the fact that there are the names of five witnesses endorsed on the indictment who did not testify at the inquest held by the Coroner.

For the reasons stated, the prayer of the petition that the accused be released on bail is refused.