E. M. SHAW *v.* THE STATE.*

(*Jackson,* April Term, 1932.)

Opinion filed March 5, 1932.

---

*As to bail in capital cases, see annotation in 39 L. R. A. (N. S.), 772; 3 R. C. L., 11, 13, 25.

As to discretion of court in granting bail, see annotation in 39 L. R. A. (N. S.), 753; 3 R. C. L., 6 et seq.; R. C. L. Perm. Supp., p. 701; R. C. L. Pocket Part, title Bail and Recognizance, section 4.

On scope of testimony at hearing generally, see 3 R. C. L., 24, 25.

KINNEY & CARLTON and CRAIG & DURHAM, for plaintiff in error.

W. F. BARRY, JR., Assistant Attorney-General, for defendant in error.

MR. JUSTICE SWIGGART delivered the opinion of the Court.

The petitioner, E. M. Shaw, was indicted in the Circuit Court of Haywood County for murder in the first degree, and secured a change of venue to the Circuit Court of Lauderdale County. He made application to the circuit judge of the latter county for bail, which was denied, and now seeks the writ of *certiorari* from this court, to review this action of the circuit judge.

A certified copy of the record of the Circuit Court of Lauderdale County, filed with the petition for the writ of *certiorari,* recites that upon the hearing of the application for bail, the circuit court overruled the petitioner's motion to require the State to assume the burden of proof and offer evidence in opposition to the application; that the court ruled that the defendant was required to offer the testimony of the witnesses whose names were entered on the indictment; that such witnesses would be treated as witnesses for the defendant but that he would not be bound by their testimony. The defendant thereupon declined to offer any evidence, and moved the court to admit him to bail because of the failure of the State to offer evidence. This motion was overruled, and it is to this action of the circuit court that the petition to this court is addressed.

The right asserted by the petitioner is one guaranteed to him by the Constitution of the State, in article 1, section 15, which provides: "That all prisoners shall be bailable by sufficient sureties, unless for capital offenses, when the proof is evident, or the presumption great."

The legislature has not prescribed rules of procedure for applications for bail. That an application and hearing are contemplated, is indicated by the Code of 1932,

section 11660, which directs that if application to admit to bail be denied by a circuit or criminal court, no subsequent application can be made except upon affidavit of new evidence material to the defense.

The contention of the petitioner is that, upon application made, he is entitled to be admitted to bail as a matter of constitutional right, unless the State offers evidence upon which the court can adjudge he is held in custody for a capital offense, of his guilt of which the proof is evident, or the presumption great. In other words, it is the contention of the petitioner that the burden is upon the State to sustain its right of custody by evidence. Supporting this contention the petitioner cites *Ex parte Newman*, 38 Tex. Crim. Rep., 164, 70 Am. St. Rep., 740, and *In re John F. Thomas*, 20 Okla., 167, 39 L. R. A. (N. S.), 752.

Murder in the first degree is a capital offense, but the petitioner insists that the indictment creates no presumption of his guilt, in view of the fundamental rule applied in the trial of criminal cases that the accused is presumed to be innocent until convicted.

The contrary contention is stated in the text of Ruling Case Law, vol. 3, p. 14 (Bail and Recognizance, sec. 12): "It has, however, been generally established that the findings of the grand jury must be considered as *prima facie* correct, and therefore the burden of proof is thrown upon the applicant to show facts upon which the court may properly allow bail, for an indictment returned by properly constituted authorities stands with all presumption in favor of its truth, until its force is broken by showing that the grand jury acted upon insufficient evidence. In some jurisdictions, however, the indictment is considered merely as something to be taken into consideration by the court, together with the evidence, and

in a doubtful case may have the effect of turning the scales.''

Upon the arrest of a person upon a criminal warrant, prior to indictment, it is required by statute that he may not be committed to prison until examination thereof be first had before some magistrate, and that the magistrate ''as soon as may be after the defendant appears'' shall proceed to examine the case. Code of 1932, sections 11515, 11549, *et seq.* Adjournment of the examination, without the consent of the accused, may not be ordered for more than three days. In such examination the burden of proving the right to custody is clearly upon the State, aided by no presumptions, and the accused is entitled to be heard in person and by witnesses in opposition.

No such examination is required after indictment. The return of the indictment authorizes and supports the issuance and execution of a *capias* for the arrest of the defendant and, in the absence of an order admitting him to bail, authorizes his continued confinement until he can be brought to trial. If, in so far as the right of the State to hold the defendant in custody is concerned, the indictment creates no presumption of guilt, an examination and order of commitment would be necessary after indictment as well as before. But the custody of the indicted defendant is rightful until he is tried and acquitted or an order is made admitting him to bail. Code of 1932, section 11609. An application for bail invokes affirmative action of the court to change an existing legal status or condition, and in a capital case, an exercise of judicial discretion in the determination of the probability of the defendant's guilt. This discretion can only be exercised by the consideration of evidence pre-

sented to the court or judge. If no order of bail is made, the existing status continues and the defendant remains in lawful custody. In this situation, no rule of procedure having been prescribed by the constitution or by statute, it seems clear to us that the court or judge entertaining the application may rightfully require the applicant to offer evidence to establish his right to the relief sought. If no such evidence is offered, the indictment, authorizing the custody of the defendant before the application, will support its continuation; and to that extent, the indictment supplies the presumption of guilt required by the constitutional provision concerning bail.

The General Assembly has not deemed it necessary to prescribe formal rules to be followed in determining the right of an indicted defendant to be released from custody on bail, nor do we think the reasonable discretion of the judges of circuit and criminal courts should be circumscribed by arbitrary rule of judicial origin. The reported opinions of this court disclose no previous controversy with respect to such procedure. The right to bail in a proper case, being a constitutional right, should be, and is, guarded scrupulously by the trial judges of the State. In a capital case the existence of ''evident proof'' or ''great presumption'' of guilt is not often capable of ascertainment with mathematical certainty on a preliminary hearing for bail, and the trial courts are not likely to be influenced in their judgments upon the weight of evidence by technical rules respecting burden of proof. But the order granting or denying bail should be made advisedly, and we think it a reasonable requirement that the applicant offer the witnesses upon whose testimony the grand jury found the indictment. Or, as is the practice followed by some of the judges of the State, the

judge may on his own motion call the witnesses endorsed on the indictment, and require that they be examined by the attorney-general for the enlightenment of the court. We think the course of the inquiry may be left safely to the discretion of the trial courts.

We do not intend to intimate that the inquiry is to be limited to the evidence heard by the grand jury. The court should hear and consider all material and relevant evidence offered by either party, including the testimony of witnesses whose names may not appear on the indictment. This, we understand, has been the practice generally followed in this State.

In the case before us, the order requiring the defendant to examine the witnesses endorsed on the indictment expressly provided that the defendant should not be bound by the testimony of such witnesses. It is argued for the petitioner that this order did not import that the defendant would not be held to vouch for the credibility of the witnesses so offered. We think it does. Certainly there is nothing in the order to indicate that the defendant would be held to vouch for the credibility of witnesses introduced by him against his own will and under an order of the court.

We are of opinion that in the orders sought to be reviewed, the circuit judge did not act arbitrarily, nor illegally, nor to the prejudice of the petitioner's constitutional rights. The petition for the writ of *certiorari* is accordingly denied, at the cost of petitioner. But since no evidence was heard by the trial judge on the application for bail, the proceedings to date will not prejudice a renewal of the application, with hearing in accord with the orders of the circuit judge as herein sustained.