### In the Matter of Herbert F. STEIGLER.

Supreme Court of Delaware.

Feb. 6, 1969.

"(6) The time when the doing of the labor or the furnishing of the materials was finished;"

William E. Taylor, Jr., Wilmington, for petitioner.

Jerome O. Herlihy and Jay H. Conner, Deputy Attys. Gen., for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

Herbert F. Steigler petitioned for a writ of prohibition and admission to bail upon a charge of murder in the first degree. We heard oral argument upon the motion and entered an order dismissing the petition for prohibition, and remanding the application for bail to the Superior Court for hearing. At the time we stated we would file an opinion setting forth our reasons for so doing. This is that opinion.

The petitioner was arrested following indictment on three counts of murder in the first degree and one count of assault with intent to commit murder. Following his arrest, he was arraigned before the Superior Court. In his behalf, his counsel asked that he be admitted to bail on all four counts. The Superior Court denied bail on the three murder charges, fixed bail at $1,000.00 on the assault charge, and committed the petitioner to the Correctional Institution to await trial. His counsel at no time insisted upon a hearing on the application for bail.

Following this, the petitioner obtained other counsel who filed a petition with this court requesting that bail be fixed pursuant to our Rule 3(2) or, alternatively, that a writ of prohibition issue prohibiting the Superior Court from committing the petitioner to await trial.

■ The petitioner misconceived the function of Rule 3(2). The scope and purpose of the authorization in the rule to one Justice to admit to bail is limited to bail after conviction pending appeal. The rule may not be extended to permit a preliminary application for bail in advance of trial. We accordingly dismissed the petition that bail be set pursuant to Rule 3(2), and remanded the question of bail to the Superior Court for the following reasons:

■ Article I, § 12 of the Delaware Constitution, Del.C.Ann. provides, *inter alia,* that "all prisoners shall be bailable by sufficient sureties, unless for capital offenses when the proof is positive or the presumption great." In our opinion, there is no doubt at all that by reason of Article I, § 12, all prisoners charged with capital offenses have a constitutional right to bail, except when the proof is positive or the presumption great.

Article I, § 12 of our present Constitution first appeared in our law in its present form as Article I, § 12 of the Constitution of 1792. Prior to that time, capital offenses were not bailable. 1 Laws, Ch. LVIII (4 Geo. II). No change was made in the colonial act after the adoption of the 1792 Constitution until 1829 when an act was passed providing that capital offenses shall not be bailable, except that before indictment, "if upon full inquiry it appears that there is good ground to doubt the truth of the accusation", the prisoner may be admitted to bail. 1829 Code, § 33, p. 64. This statutory language has been continued in the various Codes of the State. See 1852 Code, § 2039, p. 335; 1915 Code, § 3980; 1935 Code, § 4480, and 11 Del.C. § 2106.

By 56 Laws, Ch, 231, 11 Del.C. § 2106, on January 8, 1968, was repealed and a new § 2102 substituted in lieu of it. By 11 Del.C. § 2102(a), it was provided that a capital crime shall not be bailable, but by § 2102(b) it was provided that the Superior Court may admit to bail in capital offenses "if after full inquiry, [it] shall determine that there is good ground to doubt the truth of the accusation, and the

**382**

burden of demonstrating such doubt shall be on the accused."

■ We observe that prior to January 8, 1968 the statutory law of this State limited bail in capital offenses to the pre-indictment stage. Article I, § 12, however, grants a constitutional right to bail in all offenses, including capital offenses upon the stated condition, and does not limit the right in terms of indictment. It follows, therefore, that such right may be available in capital offenses before as well as after indictment. State v. Koester, 5 W.W.Harr. 258, 162 A. 513; Quillen v. Betts, 9 Terry 93, 98 A.2d 770. Old § 2106, and its progenitors, were therefore in conflict with the constitutional right, and were invalid in so far as they limited the possibility of bail in capital offenses to the period prior to indictment. The recent enactment of § 2102 has removed this conflict.

■ The present § 2102(b) provides that bail shall be allowed in capital offenses if after full hearing "there is good ground to doubt the truth of the accusation." We think this quoted language must be equated with the constitutional requirement that bail shall be allowed in capital offenses unless "there is proof positive or presumption great." We regard the statutory requirement as a proper definition of the constitutional provision.

11 Del.C. § 2102(b) requires a "full inquiry" upon the application for bail in capital offenses before the Superior Court which, alone, is authorized to admit to bail for such offenses. The statute further provides that the burden of demonstrating at such hearing that there is good ground to doubt the truth of the accusation shall be upon the accused.

In remanding the petitioner's application for bail to the Superior Court, we instructed it to follow generally the guidelines laid down in State v. Konigsberg, 33 N.J. 367, 164 A.2d 740, 89 A.L.R.2d 345, with the exception that, by reason of 11 Del.C.

§ 2102(b), we placed upon the State the burden of going forward with the evidence, while recognizing that the burden of demonstrating that there is no proof positive or presumption great is placed by § 2102(b) upon the accused.

■ A minority of the states hold that an indictment for murder is conclusive evidence sufficient to deny bail, the basis for the rule being that to permit otherwise would be to impugn the indictment found after secret proceedings before the Grand Jury. Ford v. Dilley, 174 Iowa 243, 156 N.W. 513. This reason does not exist in Delaware for in circumstances where the interests of justice require it, disclosure of proceedings before the Grand Jury may be ordered by the Superior Court. Petition of Jessup, 11 Terry 530, 136 A.2d 207; Superior Court Criminal Rule 6.

The majority of the states, however, permit the accused to rebut the indictment, thus giving a *prima facie* presumption of guilt to the indictment, itself. Cf. Shaw v. State, 164 Tenn. 192, 47 S.W.2d 92; Annotation, 89 A.L.R.2d 345.

By reason of the dicta in the *Koester* and *Quillen* cases, Delaware seemingly was among the states holding that the indictment raises a *prima facie* presumption of proof positive or presumption great. We think, however, the rule, if indeed it has been the rule of this State, offends against a basic concept of our criminal law—the presumption of innocence until found guilty after trial. There is something inherently contradictory in maintaining the presumption of innocence until final conviction and, at the same time, presuming probable guilt from the fact of indictment when the accused seeks to exercise his constitutional right to bail.

■ The right to bail is constitutionally conferred in all offenses with one exception—a capital offense where the proof is positive or the presumption great. Since the general rule is admission to bail, the

State, if it seeks to invoke the exception to the rule, must bear the burden of going forward with evidence to produce facts to warrant the invocation of the exception. See Young v. Russel (Ky.), 332 S.W.2d 629; Application of Wheeler, 81 Nev. 495, 406 P.2d 713; State v. Konigsberg, supra; Fields, Determination of the Accused's Right to Bail in Capital Cases, 7 Vill.L. Rev. 438.

■ While there is a burden on the State to produce facts to justify the denial of bail, the fact of indictment by the Grand Jury for a specific degree of murder may not be ignored. This is not conclusive of proof positive or presumption great, but, at the same time, it may not be disregarded by reason of the fact that murder indictments in Delaware are returned by the Grand Jury in a specific degree. This practice differs, for example, from the practice in New Jersey where the Grand Jury returns a general murder indictment and the degree of the crime is later fixed by the petit jury after trial. This explains the holding in *Konigsberg* that no weight is to be attached to the indictment.

■ It should be remembered that, while first degree murder is a capital offense, second degree murder and manslaughter are not, and bail is an unconditional right in the latter cases. Also to be realized is the fact that the prosecutor, not the Grand Jury, usually decides the specific degree of the offense, a decision often changed by the prosecutor during the course of the prosecution. The granting or denial of bail is a judicial function, and may not be made to turn solely upon the label placed on the offense in the first instance by the State.

11 Del.C. § 2102(b) places upon the accused the ultimate burden of demonstrating that there is doubt as to the truth of the accusation. The result, under our holding therefore, is that the State must go forward with evidence tending to show "proof positive or presumption great."

When this has been done, the State has laid the basis for the application of the exception to the constitutional right to bail; and the burden of proof is then upon the accused to demonstrate the contrary.

■ We emphasize that the full inquiry required by 11 Del.C. § 2102(b) is preliminary in nature. It is designed to determine basically whether or not the accused, if admitted to bail, would be tempted to forfeit his bail and to flee the jurisdiction rather than face the prospect of conviction and a possible sentence of death. If, therefore, such a conviction is fairly likely, presumably the temptation to flee would be great and bail should be denied.

■ In ruling on an application for bail in capital cases, the Superior Court should avoid even the appearance of a determination of ultimate guilt or innocence. The term "proof positive or presumption great" is not precise in its command. The defendant's burden is met if the Court in its discretion concludes from the evidence that the State does not have a fair likelihood of convicting the accused of the capital offense.