STATE of Delaware, Plaintiff,

v.

Howard E. CRISDEN, Defendant.

Superior Court of Delaware, New Castle.

Feb. 8, 1971.

Richard R. Wier, Jr., Deputy Atty. Gen. of the State of Delaware, for plaintiff.

Henry A. Wise, Jr., Wilmington, for defendant.

## OPINION

WRIGHT, Judge.

The defendant has been indicted on a charge of first degree murder by the Grand Jury of this county. He has now filed a motion for a preliminary hearing before a Justice of the Peace in accordance with 11 Del.C. §§ 5913–5915 and Rule 5—Superior Court Rules—Criminal, Del.C. Ann.

█ The final determination that a Justice of the Peace is called upon to make after a preliminary hearing in a case of this nature is whether or not a person charged with a crime by law enforcement officers shall be held to "answer in the Superior Court * * *." Rule 5—Superior Court Rules—Criminal.

█ In effect one ordered held for Superior Court action by a Justice of the Peace after a preliminary hearing is held for Grand Jury action. At this stage of this proceeding, the Grand Jury having indicted the defendant, a preliminary hearing could serve no proper purpose. The defendant has already "answered in the Superior Court" to the extent intended by the Rule and the Superior Court now has exclusive jurisdiction over him. See also Rule 1—Superior Court Rules—Criminal.

I conclude therefore that the defendant's motion for a preliminary hearing should be denied.

The defendant is, of course, entitled to a hearing on the question of bail under the holding in In Matter of Steigler, Del., 250 A.2d 379 (1969). Upon application such a hearing will be scheduled.

It is so ordered.