**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | ID No. 91004136DI |
| | ) | |
| JERMAINE WRIGHT, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING DEFENDANT JERMAINE WRIGHT'S
MOTION FOR PROOF POSITIVE HEARING**

Before the Court are: (i) the Motion for Proof Positive Hearing (the "Motion") filed by Defendant Jermaine Wright on February 19, 2016; (ii) the Letter, dated March 3, 2016, from Steven P. Wood, Esquire to the Honorable Eric M. Davis (the "Response"); (iii) the Letter, dated April 6, 2016, from the Honorable Eric M. Davis to Eugene J. Maurer, Jr., Esquire, Allison S. Mielke, Esquire, Herbert W. Mondros, Esquire, Steven P. Wood, Esquire, and John S. Taylor, Esquire; (iv) the Letter, dated April 18, 2015, from Herbert W. Mondros, Esquire and Eugene J. Maurer, Jr., Esquire to the Honorable Eric M. Davis (the "Supplement"). On June 6, 2016, the Court held a hearing (the "Hearing") on whether the law of the case doctrine (the "Doctrine") barred the Motion. The Court took the issue under advisement at the conclusion of the Hearing. Upon consideration of the facts, the law, the arguments of the parties and the record in this criminal action, the Court holds that the Motion is **DENIED**.

1.      Delaware case law provides that the Doctrine is "a self-imposed restriction that prohibits courts from revisiting issues previously decided, with the intent to promote 'efficiency, finality, stability and respect for the judicial system.'"[1] The law of the case will "remain

---

[1] *State v. Wright*, 131 A.3d 310, 321 (Del. 2016) (quoting *Cede & Co. v. Technicolor, Inc.*, 884 A.2d 26, 39 (Del. 2005)).

constant throughout the subsequent course of the same litigation."[2] The Doctrine "prohibits courts from revisiting previously decided issues and provides that a 'trial court's previous decision in a case will form the law of the case for the issue decided.'"[3]

2.      Most recently, in a decision arising out of this very same criminal action, the Supreme Court explained how courts – like this one – should apply the Doctrine.[4] The Supreme Court stated that the Court must undertake two separate analyses.[5] The Court must first determine whether the issue was fully briefed, and was "squarely" decided in a prior proceeding.[6] If the Court so determines, the Court then should apply the previously decided law of the case *unless* the previous decision was clearly wrong, its application would produce an injustice, or there are changed circumstances in the case.[7]

3.      The Supreme Court stated that denying a defendant "an opportunity to set the same facts before a different judge with the hope that [the defendant] will receive a different ruling" is not an injustice.[8] The Supreme Court held that testimony from the same witnesses eighteen years after they originally testified is not new evidence or changed circumstances under the Doctrine, even if there are inconsistencies between the original and present-day testimony.[9] The Supreme Court clarified that a court may find a witness recanting prior testimony to be a changed circumstance under the Doctrine because "previously unavailable evidence transforms the factual basis of the prior legal determinations."[10] Further, the Supreme Court stated that

---

[2] *Id.* (quoting *Hoskins v. State*, 102 A.3d 724, 729 (Del. 2014)).
[3] *State v. Starling*, I.D. No. 0104015882, 2016 WL 1172291, at *1 (Del. Super. 2016) (quoting *Wright*, 131 A.3d at 321).
[4] *Wright*, 131 A.3d at 320-24.
[5] *Id.* at 321.
[6] *Id.*
[7] *Id.* at 321-22.
[8] *Id.* at 323.
[9] *Id.*
[10] *Id.*

changed circumstances do not exist when "[a]ll of the facts and circumstances relevant to [the decision] were known when the Superior Court rendered its decision."[11]

4.      A proof positive hearing is a preliminary hearing where this Court determines whether bail is appropriate.[12]  Under Delaware law, the Court should grant bail in a capital case unless the State can provide evidence that shows "proof positive or presumption great."[13]  The purpose of a proof positive hearing is "to determine basically whether or not the accused, if admitted to bail, would be tempted to forfeit his bail and to flee the jurisdiction rather than face the prospect of conviction and a possible sentence of death.  If, therefore, such a conviction is fairly likely, presumably the temptation to flee would be great and bail should be denied."[14]  The burden is initially on the State to show "proof positive or presumption great."[15]  If the State meets its burden, the burden then shifts to the defendant to show that "the State does not have a fair likelihood of convicting the accused of the capital offense."[16]

5.      Here, the Court held a proof positive hearing (the "Original Hearing") in Mr. Wright's case in 1991.  At the Original Hearing, the Court denied Mr. Wright's application for bail (the "Decision") because the State met its burden of showing that there was a fair likelihood of convicting Mr. Wright.[17]  The Court "rel[ied] substantially or primarily on the fact that the witness who came to the store shortly after the crime indicated that there . . . were two men, that

---

[11] *Id.* at 324.  The Superior Court reiterated this point by holding that passage of time—even a decade—is not enough on its own to established changed circumstances.  *Starling*, 2016 WL 1172291, at *1.
[12] *In re Steigler*, 250 A.2d 379, 382 (Del. 1969).
[13] *Id.* at 382-83.
[14] *Id.* at 383.
[15] *Id.*
[16] *Id.*
[17]  Transcript of Original Hearing at 98-99.  The Superior Court held another proof positive hearing and granted bail in 2012.  *State v. Wright*, I.D. No. 91004136DI, 2014 WL 7465795, at *2 (Dec. 16, 2014).  This was after the Superior Court granted Mr. Wright a new trial and found that there were *Brady* violations and that Mr. Wright's confession violated *Miranda*.  *Id.*  The Supreme Court overturned several of the Superior Court's decisions, including the decision to hold a new proof positive hearing.  *State v. Wright*, 67 A.3d 319, 322 (Del. 2013).  The Supreme Court held that the Superior Court could not allow bail when a conviction of a capital crime is on appeal to the Supreme Court.  *Id.*  The Supreme Court did not address the Doctrine.  *Id.*

3

the barmaid [Debra Milner] indicated that there were a couple of voices and that there is a taped confession by one of the defendants implicating the other."[18] The Court has reviewed the record in this criminal action and the record indicates that the issue of whether Mr. Wright was entitled to bond was fully briefed, heard on the merits and was "squarely" decided by the Court.

6.      Mr. Wright contends that he is entitled to a new proof positive hearing because the Decision produced an injustice and because there are changed circumstances. Mr. Wright alleges that the Court did not have the evidence it needed to determine whether the State had a fair likelihood of convicting Mr. Wright. First, Mr. Wright contends that the confession is unreliable because the Court did not know that the confession was possibly coerced and that Mr. Wright was on drugs when he gave the confession. Second, Mr. Wright claims that Edward Mayfield, the police detective who testified at the Original Hearing, stated later that there was no corroborating evidence linking Mr. Wright to the crime other than the confession. Third, Mr. Wright alleges that the Court did not hear about the investigation methods the police used which, Mr. Wright argues, are objectionable. Fourth, Mr. Wright states that the Court did not know that the police officers went against police policy by not recording Mr. Wright's interview. Fifth, Mr. Wright contends that Detective Mayfield withheld information or provided misleading testimony about: (i) Mr. Wright's confession; (ii) statements Mr. Wright made about whether the car allegedly used at the crime scene was stolen; (iii) statements made by Ms. Milner; and, (iv) statements concerning another liquor store robbery near the crime scene on the same night.[19] Sixth, Mr. Wright argues that the Court can trust Mr. Wright will not flee if he is released on bail because, when he was free after his conviction was overturned, Mr. Wright did not run, was a

---

[18] Transcript of Original Hearing at 98-99.
[19] Mr. Wright alleges that the police officer embellished Ms. Milner's testimony when the police officer said Ms. Milner heard two voices in the bar. Mr. Wright notes that this was not in the police report and Ms. Milner did not say this at trial.

4

productive member of society, and turned himself in when charges were brought against him. At the Hearing, Mr. Wright also argued that there are recent, though unspecified, developments in science that call into question the validity of confessions in which the defendant was under the influence of drugs and/or in which the police used suggestibility tactics.

7.    The State contends that the Motion is barred by the Doctrine because the Decision is the law of the case. The State notes that the Court rendered the Decision only after the parties had an opportunity to present their cases fully at the Original Hearing. The State contends that no new facts have been added to the record of this criminal action since Mr. Wright was sentenced in 1995. The State also argues that the Court has never previously required a second proof positive hearing in any capital case that has been reversed by an appellate court and remanded for trial.

8.    The Court holds that the Doctrine prohibits the Court from revisiting the Decision by holding a new proof positive hearing. In other words, the Court finds that the Decision was not clearly wrong, that application of the Doctrine here would produce an injustice, or that there are changed circumstances (in a manner as defined by the Supreme Court) in this criminal action.

9.    The Court understands that Mr. Wright will present facts and arguments that Mr. Wright's heroin use and the police's tactics make the confession less reliable. The Court also recognizes that the Supreme Court has been clear that the confession is admissible at trial.[20] Mr. Wright's arguments in support of the Motion go to weight and not admissibility. The Court relied on the confession and the confession is still part of this case. With this in mind, the Court

---

[20] In 2013, the Supreme Court upheld the Court's decision to admit the confession, noting that its admissibility has been "challenged and upheld repeatedly." *State v. Wright*, 67 A.3d 319, 323 (Del. 2013). In 2016, the Supreme Court made the same decision, holding that the admission of the confession was controlled by the Doctrine. *Wright*, 131 A.3d at 320.

5

cannot hold that the Decision is no longer law of the case due to purported changed circumstances relating to the confession.

10.    Second, the Court finds that the arguments relating to lack of corroborating evidence, Detective Mayfield's testimony at the Original Hearing and the subsequent trial, information relating to investigative methods and failure to record Mr. Wright's interview, do not constitute changed circumstances. Mr. Wright seems to be complaining that the Original Hearing was not a full trial on the merits. A proof positive hearing is a preliminary hearing where the Court must determine whether the State can meet the "proof positive or presumption great" standard.[21] The proof positive hearing is not a hearing where the State must meet the proof beyond a reasonable doubt standard.[22] As discussed above in relation to the confession, Mr. Wright presently cites to the record in such a way as to attack the reliability of the evidence, but it does not show that the Court, at the Original Hearing, would have given the evidence so little weight that it would have found that the State had not met its burden of "proof positive or presumption great."

11.    For similar reasons discussed in the preceding sections, the Court finds that misleading or incorrect statements, if any, made by Detective Mayfield regarding Ms. Milner, may have impacted the strength of the State's case but not necessarily stopped it from meeting its burden. The Court is troubled by Mr. Wright's contentions, if true, that Detective Mayfield's statement that Ms. Milner heard two voices, is not in the police report and that Ms. Milner did not testify at trial that she heard two voices. Moreover, the Court does note that the Decision relied, in part, on this fact. However, the Decision provides two additional reasons – the similar testimony of another witness and the confession – for holding that the State met its burden at the

---

[21] *In re Steigler*, 250 A.2d at 383.
[22] *Id.*

6

Original Hearing. Because Ms. Milner's account was not the sole reason that the Court decided that Mr. Wright was not bailable under 11 *Del. C.* § 2103, the Court finds that revelations about Detective Mayfield's testimony at the Original Hearing about Ms. Milner and her subsequent testimony do not constitute a changed circumstance under the Doctrine.

12. The Court has also considered the fact that Mr. Wright did not flee when he was released from prison after his sentence was overturned. Section 2103(a) of Title 11 provides that a capital crime is not bailable unless the charge is withdrawn, reduced or dismissed, there is a trial where the accused is convicted of a crime less than a capital crime, or as provided in 11 *Del. C.* § 2103(b).[23] Section 2103(b) of Title 11 provides:

> The Superior Court may admit to bail a person charged with a capital crime if, after full inquiry, the Superior Court shall determine that there is good ground to doubt the truth of the accusation, and the burden of demonstrating such doubt shall be on the accused.[24]

The purpose underlying the proof positive hearing is to ensure that defendants who are flight risks do not get bail. Regardless, the plain language of 11 *Del C.* § 2103 states that the Court is not to evaluate the risk of the defendant fleeing at proof positive hearing. Instead, the Court considers the strength of the State's case against the defendant. Though Mr. Wright's conduct is commendable, this is not a changed circumstance under the Doctrine.

13. Finally, although Mr. Wright may present evidence that shows how advances in science will demonstrate that the confession should be accorded less weight at trial, Mr. Wright cannot prove that it would have changed the outcome at the Original Hearing. A new development in DNA research might be a changed circumstance if, for example, the research showed that crime scene DNA does not match the defendant's DNA. That example is close to the Supreme Court's example of a witness recanting testimony. Research about the reliability of

---

[23] 11 *Del. C.* §2103(a).
[24] 11 *Del. C.* §2103(b).

confessions, however, has to do with the amount of weight a fact finder might give a confession, so it is unlikely to be a changed circumstance under the Doctrine.

14. For the above reasons, the Court finds that Mr. Wright has also failed to show that the Decision produced an injustice which would warrant a new proof positive hearing. The Supreme Court has ruled that "[i]t is not manifest injustice to deny Wright an opportunity to set the same facts before a different judge with the hope that he will receive a different ruling."[25] Though there are some different facts available now, the Court does not find that it is manifestly unjust to rely on the Decision and not hold a new proof positive hearing in this criminal action.

**IT IS HEREBY ORDERED** that the Motion is **DENIED**.

Dated: July 14, 2016
Wilmington, Delaware

/s/ *Eric M. Davis*
Eric M. Davis, Judge

---

[25] *Wright*, 131 A.2d at 323.