# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID Nos. 19110015539 and |
| | ) | 2001004704 |
| WILLIAM ACKRIDGE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Submitted: February 10, 2021
Decided: February 25, 2021

*Upon Consideration of State's Motion for Reargument,*
**DENIED.**

Jillian Schroeder, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware. *Attorney for the State.*

John Barber, Office of Defense Services, Wilmington, Delaware. *Attorney for Defendant.*

**MEDINILLA, J.**

## I.  INTRODUCTION

Defendant William Ackridge is charged with Assault First and Second Degrees, Reckless Endangering First Degree, Conspiracy Second Degree, Possession of a Firearm During the Commission of a Felony ("PFDCF"), and Possession, Purchase, Own or Control of a Firearm (Handgun) by a Prohibited Juvenile. [1]  On January 12, 2021, this Court granted Defendant's request to transfer his charges to Family Court under 10 *Del. C.* § 1011 after the Court found that the State did not establish its burden of proof positive or presumption great for the firearm charges under 11 *Del. C.* § 1447A(f), ruling additionally that transfer of the remaining charges was also warranted under 10 *Del. C.* § 1011.  The State filed and Defendant responded to this Motion for Reargument.  Both sides waived oral argument.  Having considered the pleadings and the record, for the following reasons, the State's motion is **DENIED**.

## II.  FACTUAL AND PROCEDURAL HISTORY [2]

Defendant is charged for offenses related to two separate incidents in November 2019.  The first involved a shooting at the Kingswood Community Center

---

[1] *See* Indictment, True Bill Filed. No. 29, *State of Delaware v. William Ackridge,* Crim. I.D. No. 2001004704, D.I. 1 (Del. Super. Ct. Aug. 10, 2020); Indictment, True Bill Filed, No. 40, *State of Delaware v. William Ackridge*, Crim. I.D. No. 1911015539, D.I. 3 (Del. Super. Ct. Mar. 2, 2020).

[2] *See State v. Ackridge*, 2021 WL 100209, at *1-2 (Del. Super. Jan. 12, 2021).

in Wilmington. The second occurred in Defendant's residence where it is alleged that a firearm discharged when Defendant tossed it out of his bedroom window. Both sets of charges involve firearms.

On April 20, 2020, Defendant filed a Motion to Transfer Charges to Family Court. On November 19, 2020, this Court held a reverse amenability hearing. On January 12, 2021, this Court issued its decision and found that the State did not make out its *prima facie* case against Defendant as to both sets of charges.[3] Conducting an analysis as to both sets of charges, it made the required preliminary determination that, for various reasons, the State failed to meet its burden[4] and failed to establish the proof positive or presumption great threshold for the firearms under 11 *Del. C.* § 1447A(f).

On January 12, 2021, the State files its current Motion for Reargument under Superior Court Civil Rule 59, made applicable to this matter by Superior Court Criminal Rule 57.[5] The State does not seek reconsideration of this Court's ruling as to the Kingswood incident.[6] Thus, this Rule 59 analysis relates only to the offense

---

[3] *See Ackridge*, 2021 WL 100209.
[4] *Id.* at *3-4.
[5] *Guardarrama v. State*, 911 A.2d 802, 2006 WL 2950494, at *3 (Del. Oct. 17, 2006) (TABLE) (citing DEL. SUPER. CT. CRIM. R. 57(d)).
[6] *See Ackridge*, 2021 WL 100209 at *3. This Court found "In the Kingswood shooting…the State fails to place Defendant at the scene, let alone in the vehicle at the time of the shooting. Witnesses were wholly uncooperative, and no GPS nor cell phone evidence tracks Defendant to Kingswood. The video footage does not capture the persons in the vehicle. Therefore, the State cannot establish that Defendant used, displayed or discharged a firearm during the commission of the felony assault and reckless endangering charges under 11 *Del. C.* § 1447A(f)."

that alleges a firearm discharged when Defendant tossed it out of his bedroom window.

## III.  STANDARD OF REVIEW

Rule 59(e) permits the Court to reconsider "its findings of fact, conclusions of law, or judgment . . . ."[7]  To prevail on a  motion for reargument, the movant must demonstrate that "the Court has overlooked a controlling precedent or legal principle[ ], or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision."[8]  Further, "[a] motion for reargument is not a device for raising new arguments,"[9] nor is it "intended to rehash the arguments already decided by the court."[10]  Such tactics frustrate the interests of judicial efficiency and the orderly process of reaching finality on the issues.[11]  In a motion for reargument, the moving party has the burden of demonstrating "newly discovered evidence, a change of law, or manifest

---

[7] *Hessler Inc. v. Farrell*, 260 A.2d 701, 702 (Del. 1969).  *See* DEL. SUPER. CT. CIV. R. 59(e).
[8] *Bd. of Managers of Del. Criminal Justice Info. Sys. v. Gannett Co.*, 2003 WL 1579170, at *1 (Del. Super. Jan. 17, 2003), *aff'd in part*, 840 A.2d 1232 (Del. 2003) (citing *Cummings v. Jimmy's Grille, Inc.*, 2000 WL 1211167, at *2 (Del. Super. Aug. 9, 2000) (internal citations omitted)).
[9] *Id.*
[10] *Kennedy v. Invacare Corp.*, 2006 WL 488590, at *1 (Del. Super. Jan. 31, 2006).
[11] *See Plummer v. Sherman*, 2004 WL 63414, at *2 (Del. Super. Jan. 14, 2004).

4

injustice."[12]  "Delaware law places a heavy burden on a [party] seeking relief pursuant to Rule 59."[13]

## IV.    DISCUSSION

The State's theory for charging Defendant with Reckless Endangering and PFDCF is that he endangered the lives of law enforcement officers when, in an attempt to rid himself of a gun, he recklessly tossed it out of his second-story bedroom window on the night of November 25, 2019.  Accepting the State's theory, this Court determined that under 11 *Del. C.* § 1447A(f),[14] the State failed to meet its burden that Defendant used, displayed or discharged a firearm and failed to establish its *prima facie* case under 10 *Del. C.* § 1011.[15]

The crux of the State's argument is that the Court erred in concluding that the State failed to make out a *prima facie* case against Defendant where it "dismissed uncontroverted testimony that Defendant was the only individual who could have

---

[12] *E.I. du Pont de Nemours & Co. v. Admiral Ins. Co.*, 711 A.2d 45, 55 (Del. Super. 1995).

[13] *Kostyshyn v. Comm'rs of Bellefonte*, 2007 WL 1241875, at *1 (Del. Super. Apr. 27, 2007) (citing *Fatovic v. Chrysler Corp.*, No. CIV.A. 00C08299 HLA, 2003 WL 21481012, at *5 (Del. Super. Feb. 28, 2003); *Arnold v. Soc'y for Sav. Bancorp*, No. CIV.A. 12883, 1995 WL 408769 (Del. Ch. June 30, 1995)).

[14] 11 *Del. C.* § 1447A(f) ("Every person charged under this section over the age of 16 years who, following an evidentiary hearing where the Superior Court finds proof positive or presumption great that the accused used, displayed, or discharged a firearm during the commission of a Title 11 or a Title 31 violent felony as set forth in § 4201 (c) of this title, shall be tried as an adult, notwithstanding any contrary provisions or statutes governing the Family Court or any other state law….").

[15] *Ackridge*, 2021 WL 100209, at *5.

been in the bedroom when the window screen fell and the gunshot went off."[16] The State further argues that it has met its burden as to the firearm charge such that the charges must remain in this Court.[17]

In support, the State points to the transcript at the reverse amenability hearing, specifically Detective McNasby's testimony as to his observations from the outside backyard of Defendant's home and those made to him by the SWAT team that entered through the front of the house.[18] Revisiting the testimony of Detective McNasby serves to highlight additional facts regarding the officers' observations and reiterates what has already been considered, but it is not meaningful under Rule 59 to change the outcome of this Court's decision.

The State's reference to the observations from Detective McNasby does not demonstrate that the Court misapprehended the facts as he presented them. The State's reiteration provides no evidence from his vantage point or from any of the officers' backyard view that identify Defendant in the location from where it is alleged the firearm was thrown.[19] No one saw a weapon thrown from the bedroom

---

[16] State's Amended Motion for Reargument, *State of Delaware v. William Ackridge*, Crim. I.D. No. 1911015539, D.I. 19, ¶ 4 (Del. Super. Ct. Feb. 10, 2021) [hereinafter State's Amended Motion].

[17] *Id.* ¶ 6.

[18] *See id.* ¶¶ 9-10.

[19] *Id.* Exhibit A at 38.

and no evidence was presented that any individual—male, female, adult, juvenile, old, young, black, white, or otherwise—was seen at the window.[20]

Detective McNasby's testimony also consisted of the secondhand recitation of the SWAT Team's (Detective Grover's) observations, and his own review of Detective Grover's body camera.[21] To the extent that the Court failed to consider the fact that a SWAT team member relayed to Detective McNasby that a black male was seen running up the steps "towards the right, which is where [Defendant's] bedroom is…," this testimony does not lead the Court to reach a different conclusion.[22]

Even accepting that the SWAT team saw Defendant run up the stairs and turn right (toward *the* bedroom,) this does not establish that Defendant actually ran into that bedroom. And even if the inference is made that this is exactly where he went, the bodycam footage cannot establish that he used, displayed or discharged any weapon from that location. Though the State concludes that by process of elimination there were no occupants on the second floor, Detective McNasby's testimony did not identify where the other adult individuals were located in the house during the execution of the search warrant.[23] Thus, the State did not

---

[20] State's Amended Motion, Exhibit A at 38.
[21] *Id.* Exhibit A at 27, 40.
[22] *Id.* Exhibit A at 28.
[23] *See generally id.* Exhibit A at 12-44.

7

establish that Defendant was the only person on the second floor or the only person that could have thrown the gun out of the window.

It is true that circumstantial evidence may support the view that a loaded firearm was ejected from the second-floor window. But the State's review of the record reiterates that neither the SWAT team nor Detective McNasby's crew saw Defendant enter or exit the second-floor bedroom from where the gun was allegedly thrown.[24] The camera footage provides no further evidence that places Defendant in the bedroom, and the highlighted portions of the transcript do not establish uncontroverted testimony that Defendant was the *only* individual who *could* have been in the bedroom.[25]

Under Rule 59, the State does not establish that the Court misapprehended facts that would yield a different result. It remains this Court's determination that there is not a "fair likelihood that [this juvenile Defendant] would be convicted of the crimes charged,"[26] and "after [a] full hearing 'good ground to doubt the truth of the accusation.'"[27] As such, the law requires that the firearm charges be transferred back to Family Court.[28]

---

[24] State's Amended Motion, Exhibit A at 28, 38.
[25] *Id.* Exhibit A at 27-28.
[26] *State v. Harper*, 2014 WL 1303012, at *5 (Del. Super. Mar. 31, 2014) (citing *Marine v. State*, 624 A.2d 1181, 1185 (Del. 1993)).
[27] *See In re Steigler*, 250 A.2d 379, 382 (Del. 1969) (internal quotations omitted).
[28] *See* 11 *Del. C.* § 1447A(f).

As to the remaining charges, the Court has also weighed the requisite factors under 10 *Del. C.* § 1011(b)[29] and determined that the State did not meet its *prima facie* burden.[30] In other words, even assuming the Court misapprehended facts or law that would result in a different outcome, this would only provide the State with a finding that it met its *prima facie* case. Where this Court has found that the remaining charges weigh in favor of transfer to Family Court,[31] transfer remains appropriate under § 1011(b).

## CONCLUSION

Under Rule 59, the State has not demonstrated that the Court has overlooked a controlling precedent or legal principle, or that it misapprehended law or fact that would have changed its decision. The State fails to demonstrate newly discovered evidence, a change of law, or manifest injustice. As such, The State's Motion for Reargument is **DENIED**.

---

[29] *See,* Ackridge, 2021 WL 100209, at *4–5.
[30] *Id.* at *4.
[31] *See id.* at *5.

**IT IS SO ORDERED.**

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge


oc:   Prothonotary
cc:   Defendant
     John Barber, Esquire
     Jillian Schroeder, Esquire
     Dr. Robin Belcher-Timme, Psy.D., ABPP
     Jennifer Wilson, Master Family Service Specialist